J-S65017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER MANIGAULT, | |
| Appellant | No. 3320 EDA 2013 |

Appeal from the PCRA Order of November 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0805411-2003

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 08, 2015**

Appellant, Christopher Manigault, appeals from an order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history in this case as follows:

> On June 24, 2003, at approximately 9:53 a.m., Kenneth Wasiek (victim/decedent) was working at a clearly marked construction site for the Philadelphia Water Department on Belmont Avenue in the City and County of [Philadelphia].  The construction notices extended for several blocks and required the closure of the right lane for several hundred feet before the point of impact.  The water department truck was not in the traveling lane and was visibly marked by emergency lights.  As Mr. Wasiek, wearing a reflective safety vest, was exiting his truck, he was struck by [A]ppellant's car, traveling approximately 40-50 mph.  The victim was thrown into the air.  [A]ppellant did not stop but continued through a red light and caused collisions with two (2) other cars.  [A]ppellant was under the combined influence of marijuana and Xanax to such a level that he was

*Retired Senior Judge assigned to the Superior Court.

incapable of safely operating a motor vehicle. The medical examiner determined that the thirty-two-year-old victim, [Mr.] Wasiek, died as a result of being struck by a motor vehicle.

On June 24, 2003 Appellant was arrested and charged with [homicide by vehicle while driving under the influence, homicide by vehicle while driving in an active work zone, involuntary manslaughter, accidents involving death or personal injury, and driving under the influence of alcohol or controlled substance.] On June [7 and] 16, 2004[, Appellant] appeared before th[e trial court] and entered a plea of guilty. On July 29, 2004 Appellant was sentenced to [consecutive terms of imprisonment of five to 10 years for homicide by vehicle while driving under the influence, six to 12 years for homicide by vehicle committed in an active work zone, and three and one-half to seven years for accidents involving death or bodily injury. Thus, Appellant received an aggregate sentence] of not less than [14½] years to no[t] more than [29] years. On August 19, 2004[,] Appellant filed a timely [n]otice of [a]ppeal to the Superior Court of Pennsylvania and on October 16, 2006 the [j]udgment of [s]entence was affirmed. [On February 26, 2007,] Appellant filed a [*pro se* PCRA] and PCRA [c]ounsel was appointed. PCRA counsel filed an [a]mended PCRA [p]etition on November 27, 2007 seeking reinstatement of Appellant's right[s] to file [p]ost [s]entence [m]otions and [a] direct appeal based on ineffective assistance of counsel, and on February 6, 2008 the Commonwealth filed a [m]otion to [d]ismiss the [p]etition. On July 7, 2008[, the PCRA court] granted the PCRA [p]etition and on July 14, 2008 Appellant filed [p]ost [s]entence [m]otions. On October 9, 2008[, p]ost [s]entence [m]otions were denied and Appellant filed a timely [n]otice of [a]ppeal to the Superior Court of Pennsylvania on October 16, 2008. The Superior Court of Pennsylvania affirmed the [j]udgment of [s]entence on July 7, 2009. Appellant then filed a [p]etition for [a]llowance of [a]ppeal in the Supreme Court of Pennsylvania and on December 9, 2009 the [p]etition for [a]llowance of [a]ppeal was denied.

On February 5, 2010[,] Appellant filed the instant PCRA [p]etition *pro se* and PCRA counsel was appointed. On July 12, 2012[,] PCRA counsel filed an [a]mended PCRA [p]etition and on April 30, 2013 the Commonwealth filed a [m]otion to [d]ismiss the petition. On October 1, 2013[, the PCRA court issued n]otice pursuant to Pa.R.Crim.P. 907 [] to Appellant and on November

- 2 -

8, 2013 the PCRA [p]etition was dismissed. This timely appeal followed on November 17, 2013.

Pursuant to Pa.R.A.P. 1925(b)[,] Appellant was instructed to file a [concise s]tatement of [e]rrors [c]omplained [o]f [o]n [a]ppeal. Appellant responded claiming that the PCRA [c]ourt erred when it dismissed the Appellant's [a]mended PCRA [p]etition without holding an evidentiary hearing; that the sentencing court imposed an illegal sentence as the sentences merged; that trial counsel was ineffective for failing to object to the sentencing courts' imposition of consecutive sentences on the charge of [a]ccidents [i]nvolving [d]eath or [p]ersonal [i]njury and the charge of [h]omicide by [v]ehicle when the sentence on these charges should have merged; and that counsel were ineffective for failing to raise these issues in [p]ost [s]entence [m]otions, on appeal, or under the PCRA.

PCRA Court Opinion, 4/11/14, at 1-3.

Appellant's brief raises the following questions for our consideration:

Did the [h]onorable PCRA [c]ourt err when it dismissed the [Appellant's] [a]mended PCRA [p]etition without a [h]earing but where the [Appellant] properly pled and would have been able to prove that he was entitled to relief?

Appellant's Brief at 3.

Appellant argues on appeal that the PCRA court erred in dismissing his petition without a hearing where he pled and proved that he received an unlawful sentence (or alternatively that trial counsel was ineffective in failing to challenge his sentence) because his punishment for accidents involving death or personal injury should have merged with his sentence for homicide

by vehicle.[1] The basis for Appellant's claim is that all homicides by vehicle involve accidents in which a death has occurred and there was a single victim and single incident in this matter. This claim merits no relief.

"The Superior Court's task in reviewing the denial of PCRA relief [i]s to determine whether the PCRA court's factual findings were supported by the record, and whether the court's legal decision was free from error." ***Commonwealth v. Hill***, 2014 WL 6609012, *16 (Pa. 2014). The PCRA recognizes a petitioner's right to challenge his conviction or sentence on grounds that trial counsel was ineffective or that the trial court imposed an unlawful sentence. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii) (ineffective assistance of counsel) and (a)(2)(vii) (unlawful sentence). A claim that the trial court imposed an unlawful punishment by failing to merge sentences is a question of law; thus, our review of such claims is plenary. ***Commonwealth v. Orie***,

---

[1] Appellant also makes a passing claim that the trial court should not have accepted his guilty plea to accidents involving death or personal injury because the facts did not establish the elements of this offense. ***See*** Appellant's Brief at 11. To the extent Appellant raises this claim under the guise of trial counsel's ineffectiveness, it is undeveloped with citation to pertinent authority and, hence, waived. ***See Commonwealth v. Perez***, 93 A.3d 829, 837-838 (Pa. 2014) (a litigant waives appellate claims that are unsupported by citation to supporting authorities). In the alternative, we conclude that this claim lacks merit. Appellant alleges that the facts did not establish that he failed to stop. Appellant's Brief at 10. Contrary to Appellant's contention, however, the facts placed on the record at the plea hearing clearly indicate that, following Appellant's contact with the victim, Appellant's vehicle did not come to rest until it collided with two other cars after Appellant ran a red light. N.T., 6/7/04, at 20-21. Thus, there was ample evidence that Appellant failed to stop his car.

88 A.3d 983, 1020 (Pa. Super. 2014). Moreover, to prove that counsel was ineffective, the petitioner carries the burden of overcoming the presumption of effectiveness and demonstrating that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered prejudice as a result. *Commonwealth v. Burno*, 94 A.3d 956, 972 (Pa. 2014). The failure to prove any prong of this test will defeat an ineffectiveness claim and counsel cannot be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

We apply the following principles when passing upon the PCRA court's decision to dismiss a petition without an evidentiary hearing.

> We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 2014 WL 4783558, *2 (Pa. Super. 2014).

Whether advanced in terms of the alleged ineffectiveness of his trial counsel or the illegality of his sentence, Appellant's claim on appeal rises and

falls on the propriety of the PCRA court's conclusion that his sentence for homicide by vehicle should not merge with his sentence for accidents involving death or personal injury.  We limit our focus to this discrete legal issue.

As the trial court recognized, 42 Pa.C.S.A. § 9765, entitled Merger of Sentences, governs our analysis.  It provides:

**§ 9765. Merger of Sentences**

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.  Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.  Interpreting this language, our Supreme Court has declared:  "The statute's mandate is clear.  It prohibits merger unless two distinct facts are present:  1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other."  ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009).  It is not disputed that the offenses in this case arose from a single incident.  We therefore focus on whether all of the statutory elements of one of the offenses are included in the statutory elements of the other.

A person commits homicide by vehicle if he "recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying

- 6 -

to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) … when the violation is the cause of death." 75 Pa.C.S.A. § 3732(a). A person commits an offense under 75 Pa.C.S.A. § 3742(a) if he is the driver of a vehicle involved in an accident involving death or personal injury and he fails immediately to stop, return, or remain at the scene of an accident until he has fulfilled the requirements of 75 Pa.C.S.A. § 3744 (relating to duty to give information and render aid). *See* 75 Pa.C.S.A. § 3742(a). Under the plain terms of these statutes, section 3732(a) requires proof that an individual has acted recklessly or with gross negligence while violating a traffic law at the time he causes the death of another in a motor vehicle accident. Section 3742(a) contains no similar requirement.[2] By contrast, criminal liability attaches under section 3742(a) if a driver involved in an accident that results in death or personal injury fails to stop at the scene of the collision. This element is not found in section 3732(a). Because each of these offenses includes an element which the other does not, merger is prohibited under section 9765. Accordingly, the trial court did not err in dismissing Appellant's petition without a hearing.

_____

[2] Indeed, criminal culpability is triggered under section 3742(a) whenever an individual is involved in an accident that results in death or personal injury and he fails to stop at the scene of an accident. Thus, the Commonwealth may obtain a conviction under section 3742(a) regardless of the fact that the individual has exercised the upmost of caution in operating his vehicle.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/8/2015