J-S02029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTONIO COULTER | |
| Appellant | No. 696 EDA 2014 |

Appeal from the PCRA Order February 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013151-2007

BEFORE:  MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 10, 2015**

Appellant, Antonio Coulter, appeals from the order entered on February 7, 2014, dismissing his first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   Further, on appeal, Appellant's court-appointed counsel has filed a petition for leave to withdraw as counsel.   We grant counsel's petition to withdraw and affirm the order dismissing Appellant's PCRA petition.

We have previously explained the facts underlying Appellant's convictions:

> On the morning of September 24, 2007, Philadelphia Police Officer Richard DeCoatsworth was on routine patrol in West Philadelphia.  At about nine o'clock that morning, he observed Appellant driving south on 51st Street in a Buick LeSabre with three school-age juvenile boys inside.  Officer DeCoatsworth [] turned his patrol car around and began following Appellant.  After briefly losing sight of him, Officer DeCoatsworth [] spotted Appellant's car parked on Farson

Street. Officer DeCoatsworth then got out of his patrol car, walked over to Appellant's car, and notified police over the radio of the stop. Appellant said, "here comes this dickhead cop," and told the three juveniles to get out of the car. Appellant [] got out of his car, pointed a sawed-off shotgun at Officer DeCoatsworth's face from about four or five feet away, and fired at Officer DeCoatsworth, striking him in the lower left side of his face, and then ran away.

Despite being severely wounded, Officer DeCoatsworth ran after Appellant while giving information over the police radio, but later sat down on the steps of a house on Paxon Street and radioed for help when he could run no [further]. Other officers arrived and drove Officer DeCoatsworth to the hospital. Appellant eventually reached a house located at 125 North 52nd Street, broke through the backdoor of the house, and tried to undo the latch on the door while yelling at [the owner], who was inside, to let him in. [The owner of the house] told Appellant to get out[. The owner then dialed] 9-1-1[] and ran outside to flag down a police officer[.] Appellant was gone by the time police arrived at [the] house.

Officer Thomas Bartol later found Appellant hiding behind a tree on the far side of a six-foot fence in the backyard of a house located near the 100 block of North Paxon Street. Appellant resisted arrest as Officer Bartol tried to handcuff him and had to be subdued with pepper spray.

The shotgun wound to Officer DeCoatsworth's face caused him to lose a section of his lip, part of his tongue, and several teeth. He required an emergency tracheotomy and at least four reconstructive surgeries and [suffered] permanent scars to his face.

***Commonwealth v. Coulter***, 32 A.3d 819 (Pa. Super. 2011) (unpublished memorandum) at 1-2 (internal corrections omitted), *quoting* Trial Court Opinion, 10/5/10, at 2-3.

On May 20, 2008, Appellant pleaded guilty to attempted murder, aggravated assault under 18 Pa.C.S.A. § 2702(a)(2), burglary, criminal

trespass, possessing a firearm on a public street in Philadelphia, possessing a prohibited offensive weapon, and resisting arrest.[1] **See**, **e.g.**, N.T. Guilty Plea, 5/20/10, at 8 ("[t]he second count charges you with aggravated assault. . . . The Commonwealth is proceeding under [s]ubsection (a)(2) of Section 2702 of the Criminal Code with regard to that charge"). On June 25, 2008, the trial court sentenced Appellant to serve a term of 20 to 40 years in prison for the attempted murder conviction and to serve a consecutive term of 16 to 32 years in prison for the aggravated assault conviction. We affirmed Appellant's judgment of sentence on August 1, 2011. **Commonwealth v. Coulter**, 32 A.3d 819 (Pa. Super. 2011) (unpublished memorandum) at 1.

On January 25, 2012, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel and counsel then filed an amended PCRA petition on Appellant's behalf. Within the amended petition, Appellant alleged that trial counsel was ineffective for "not ensuring that [Appellant's] challenge to the discretionary aspects of sentencing was preserved by including a [Pennsylvania Rule of Appellate Procedure] 2119[(f)] statement in [Appellant's] appellate brief" and that the trial court "imposed an illegal sentence when it sentenced [Appellant] consecutively on the charges of attempted murder and aggravated assault because aggravated assault is a

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(2), 3502(a), 3503(a)(1)(ii), 6106(a)(1), 6108, 908, and 5104, respectively.

lesser included offense of attempted murder and the crimes merge for sentencing purposes."  Appellant' Amended PCRA Petition, 12/24/12, at 2 (some internal capitalization omitted).

On January 7, 2014, the PCRA court provided Appellant with notice that it intended to dismiss Appellant's PCRA petition, without a hearing, in 20 days.  *See* Pa.R.Crim.P. 907(1).  The PCRA court finally dismissed Appellant's PCRA petition on February 7, 2014 and Appellant filed a timely notice of appeal to this Court.

After Appellant filed his notice of appeal, the PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied with the trial court's order and raised the following claim in his Rule 1925(b) statement:

> The [PCRA] court erred when it dismissed [Appellant's] PCRA petition requesting that his consecutive sentence for aggravated assault be vacated where aggravated assault and attempted murder merged for sentencing purposes.

Appellant's Rule 1925(b) Statement, 3/12/14, at 1 (some internal capitalization omitted).

Prior to submitting a brief to this Court, however, PCRA counsel determined that the appeal had no merit.  As a result, PCRA counsel notified Appellant that he intended to withdraw from representation and PCRA counsel filed, in this Court, both a petition to withdraw as counsel and an accompanying "no merit" brief pursuant to *Commonwealth v. Turner*, 544

A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (to comply with ***Turner/Finley***, counsel must either "submit a 'no-merit' letter to the trial court[] or [a] brief on appeal to this Court"). Appellant now raises the following claims on appeal:

> [1.] Whether [Appellant] was provided with ineffective assistance of counsel where direct appeal counsel failed to file a Rule 2119 statement with his brief thereby waiving Appellant's challenge to the discretionary aspects of sentencing[?]
>
> [2.] Whether the [PCRA] court erred when it dismissed [] Appellant's PCRA petition requesting that his consecutive sentence for aggravated assault be vacated where aggravated assault and attempted murder merged for sentencing purposes[?]

Appellant's Brief at 6 (some internal capitalization omitted).

Before reviewing the merits of this appeal, however, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Daniels***, 947 A.2d 795, 797 (Pa. Super. 2008). As we have explained:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [***Turner/Finley***. Under] ***Turner/Finley***[,] counsel must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to

> withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> . . .
>
> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court – trial court or this Court – must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Wrecks**, 931 A.2d at 721 (internal citations omitted).

Here, counsel has satisfied all of the above procedural requirements. We will, therefore, "conduct [our] own review of the merits of the case" and determine whether the claims are in fact meritless. **Id.**

At the outset, Appellant's first claim on appeal is waived, as Appellant did not include the claim in his court-ordered Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement . . . are waived"); **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be waived").

For Appellant's second and final claim on appeal, Appellant contends that the PCRA court erred when it dismissed Appellant's PCRA petition, as Appellant's "aggravated assault and attempted murder [convictions] merged for sentencing purposes." Appellant's Brief at 6 (some internal capitalization omitted). The claim is meritless.

"Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence. Consequently, our standard

- 6 -

of review is *de novo* and the scope of our review is plenary." **Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009).

Pennsylvania's merger doctrine is codified at 42 Pa.C.S.A. § 9765. This statute provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

As our Supreme Court has explained, the "mandate of [Section 9765] is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." **Baldwin**, 985 A.2d at 833.

In the case at bar, Appellant's 18 Pa.C.S.A. § 2702(a)(2) aggravated assault conviction did not merge, for sentencing purposes, with Appellant's attempted murder conviction because "all of the statutory elements of one of the offenses" are not included in the statutory elements of the other.

In relevant part, Pennsylvania's Crimes Code defines attempted murder and aggravated assault in the following manner:

**§ 901. Criminal attempt**

**(a) Definition of attempt.**--A person commits an attempt when, with intent to commit a specific crime, he does any

act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S.A. § 901(a).

**§ 2502. Murder**

**(a) Murder of the first degree.**--A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

18 Pa.C.S.A. § 2502(a).

**§ 2702. Aggravated assault**

**(a) Offense defined.**--A person is guilty of aggravated assault if he:

. . .

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty.

18 Pa.C.S.A. § 2702(a)(2).[2]

A review of the above crimes demonstrates that aggravated assault under 18 Pa.C.S.A. § 2702(a)(2) does not merge with attempted murder. Indeed, as this Court has previously explained:

Attempted murder includes an element that is not required to commit aggravated assault under section 2702(a)(2). That element is a specific intent to kill. Aggravated assault

---

[2] Officer DeCoatsworth was a police officer and was, therefore, included in the class of persons "enumerated in [18 Pa.C.S.A. § 2702](c)." 18 Pa.C.S.A. § 2702(a)(2); *see* 18 Pa.C.S.A. § 2702(c)(1).

under section 2702(a)(2) includes elements that are not required to commit attempted murder. Those elements are proof that the victim was an enumerated officer in the performance of duty.

Thus, because each crime has at least one additional element not included in the other crime, neither can be a lesser-included offense of the other. Accordingly, [the crimes do not] merge [] for purposes of sentencing.

***Commonwealth v. Johnson***, 874 A.2d 66, 71-72 (Pa. Super. 2005).

In accordance with both the plain statutory language of the crimes and our binding precedent in ***Johnson***, we conclude that Appellant's claim – that his aggravated assault conviction under 18 Pa.C.S.A. § 2702(a)(2) merged with his attempted murder conviction – is meritless.

We have independently conducted our own review of this case and we agree with appointed counsel that the current appeal has no merit. Thus, we grant counsel's petition to withdraw and affirm the order dismissing Appellant's PCRA petition.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015

- 9 -