J-S06019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAROLD JAMES | |
| Appellant | No. 106 EDA 2014 |

Appeal from the PCRA Order December 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0109841-2006

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 15, 2015**

Harold James appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On March 12, 2007, James was convicted by a jury of robbery, robbery of a motor vehicle, kidnapping, possession of an instrument of crime and terroristic threats.  The convictions stem from an incident in which James carjacked a woman, held her hostage, threatened her with a knife, ordered her to remove her pants, and demanded her money and credit cards.  James was originally brought to trial on November 17, 2006; however, the trial

---

[*] Former Justice specially assigned to the Superior Court.

court declared a mistrial when a Commonwealth witness stated that James was a registered sex offender. James was retried beginning on March 2, 2007 and ultimately convicted of the above crimes. On April 18, 2007, James was sentenced to an aggregate of thirty-two to sixty-four years in prison.[1]

James filed post-sentence motions, which were denied. By memorandum decision dated May 12, 2010, this Court affirmed his judgment of sentence.[2] Our Supreme Court denied allowance of appeal on September 7, 2010. James filed a *pro se* PCRA petition on March 10, 2011. The trial court appointed counsel, who filed an amended petition on February 8, 2013. The trial court dismissed James' PCRA petition and this timely appeal follows, in which James raises the following issues for our review:

1. Whether trial [and appellate] counsel [were] ineffective for [failing to] preserv[e] the issue that a motion to bar [re]prosecution based on double jeopardy should have been filed once a mistrial was declared?

2. Whether trial and appellate counsel were ineffective for failing to file post-sentence motions where the sentence was excessive, [and the court] double counted [James'] prior record when fashioning the sentence?

---

[1] The court sentenced James to 10 to 20 years' incarceration each for the robbery, robbery of a motor vehicle and kidnapping convictions, and to one to two years' incarceration each for the PIC and terroristic threats convictions. All sentences were ordered to be served consecutively.

[2] Both the post-sentence motions and the appeal were filed *nunc pro tunc*.

3. Whether trial counsel was ineffective for failing to request an unlawful restraint instruction?

4. Whether appellate and trial counsel were ineffective for failing to properly preserve a challenge to the weight of the evidence where no post sentence motions were filed and appellate counsel failed to ask for a remand to file one?

5. Whether appellate and trial counsel were ineffective for failing to preserve the Rule 600 issue?

Brief of Appellant, at 5.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

James' claims all raise issues of ineffectiveness of counsel. To establish counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668 (1984).

> A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. The burden of proving ineffectiveness rests with Appellant. To sustain a claim of ineffectiveness, Appellant must prove that the strategy employed by trial counsel was so unreasonable that no competent lawyer would have chosen that course of conduct. Trial counsel will not be deemed ineffective for failing to pursue a meritless claim.

*Commonwealth v. Rega*, 933 A.2d 997, 1019 (Pa. 2007).

James first claims that trial and appellate counsel were ineffective for failing to raise a double jeopardy claim after his first trial ended in a mistrial. James claims that the Commonwealth demonstrated "deliberate bad faith" when its police witness, Detective Malinka Bragg, stated that James was a registered sex offender after the trial court specifically told her not to mention that fact.

"The double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial." *Commonwealth v. Basemore*, 875 A.2d 350, 358 (Pa. Super. 2005), quoting *Commonwealth v. Smith*, 615 A.2d 321, 325 (Pa. 1992). "In order to raise double jeopardy implications, prosecutorial misconduct must be deliberate, undertaken in bad faith and with a specific intent to deny the defendant a fair trial." *Id.*, quoting *Commonwealth v. Santiago*, 654 A.2d 1062, 1085 (Pa. Super. 1994).

Here, there is no merit to James' claim that the prosecution engaged in any misconduct, deliberate or otherwise. Immediately following defense counsel's objection to Detective Bragg's statement regarding James' status as a registered sex offender, the court stated as follows:

> THE COURT: Despite the fact that [counsel for the Commonwealth] Ms. Hurley told this detective not to mention that the defendant is a registered sex offender, the detective

- 4 -

first said [police had run] a check on the defendant, which first of all, you know, could have been bad enough.

Ms. Hurley stopped the detective and moved on and asked the [d]etective why the [the Special Victims Unit became involved in the case] and what SVU is. And expecting the [d]etective to say [that] based on the information received, perhaps it could have been a possible rape or sexual assault is what Ms. Hurley expected the witness to say. And instead, the witness said because he's a registered sex offender.

So now based on the defense's request for a mistrial, I must grant that. And I want to be very clear on the record that it's not an error on the part of the Commonwealth's attorney in any way, shape, fashion or form.

N.T. Trial, 11/17/06, at 109-10.

The court's conclusions are supported by the record, which makes it clear that counsel for the Commonwealth did not intend for Detective Bragg to testify regarding James' classification as a sex offender. As the trial court noted, prior to the offending testimony, counsel had also interrupted Detective Bragg when she mentioned that another detective was "running checks" on James' background and redirected her testimony with a specific, unrelated question. *See id.* at 104. This was an obvious attempt on the part of the Commonwealth to steer its witness's testimony clear from a potentially inappropriate subject.

Because the record does not support a finding of misconduct on the part of the prosecution, a motion to dismiss would properly have been denied. ***Basemore***, ***supra***. As counsel cannot be deemed ineffective for failing to pursue a baseless claim, ***Rega***, ***supra***, James' first assignment of error is without merit.

Next, James claims that trial and appellate counsel were ineffective for failing to raise a claim regarding the excessiveness of his sentence. However, this claim was previously raised before this Court and found to be meritless. *See Commonwealth v. James*, 4 A.3d 190 (Pa. Super. 2010).

James also alleges that his sentences for robbery and robbery of a vehicle should merge. Specifically, James asserts that "[a]lthough some elements of the crime[s] were different[,] namely one was a vehicle and the other was the owner of the vehicle, it was all part of one act and [James] should not have been sentenced separately on each count." Brief of Appellant, at 16. This claim is patently meritless.

Whether James' convictions merge for purposes of sentencing is a question implicating the legality of his sentence. *Commonwealth v. Raven*, 97 A.3d 1244, 1248 (Pa. Super. 2014). Consequently, our standard of review is *de novo* and the scope of our review is plenary. *Id.*

The merger doctrine is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that of another offense. *Commonwealth v. Davidson*, 938 A.2d 198, 217 (Pa. 2007). The objective of the doctrine is to prevent a defendant from being punished more than once for the same criminal act. *Id.* The merger doctrine has been codified at section 9765 of the Sentencing Code, which provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act **and** all of the statutory elements of one offense are included in the statutory elements of the

other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (emphasis added). Section 9765 precludes courts from merging sentences when each offense contains a statutory element that the other does not. *Commonwealth v. Baldwin*, 985 A.2d 830, 834 (Pa. 2009).

Here, robbery and robbery of a vehicle each contain elements that the other does not. Specifically, James was convicted of robbery because "in the course of committing a theft" he "inflict[ed] serious bodily injury upon another[.]" *See* 18 Pa.C.S.A. § 3701(a)(1). James was convicted of robbery of a motor vehicle because he "st[ole] or t[ook] a motor vehicle from another person in the presence of that person or any other person in lawful possession of the motor vehicle." *See* 18 Pa.C.S.A. § 3702(a). As James himself concedes, these crimes each contain elements that the other does not. Accordingly, they do not merge for purposes of sentencing. *Baldwin*, *supra*. As counsel cannot be found to be ineffective for failing to pursue a baseless claim, *Rega*, *supra*, James is entitled to no relief.

James next asserts that trial counsel was ineffective for failing to request a jury instruction on the crime of unlawful restraint, which he claims is a lesser included offense of kidnapping. James asserts that there was "sufficient evidence presented . . . that the complainant was restrained and exposed to the risk of serious bodily injury" and, therefore, "there is no trial

strategy that would have prevented defense counsel from asking for such an instruction[.]" Brief of Appellant, at 19. This claim is meritless.

It is settled law in Pennsylvania that a defendant may be convicted of an offense that is a lesser-included offense of the crime actually charged. **Commonwealth v. Kelly**, 102 A.3d 1025, 1032 (Pa. Super. 2014).

> A lesser-included offense is a crime having elements . . . which are a necessary subcomponent of elements of another crime, the greater offense. The elements in the lesser-included offense are all contained in the greater offense; however, the greater offense contains one or more elements not contained in the lesser-included offense.

*Id.*

This Court has previously held that unlawful restraint is not a lesser included offense of kidnapping. A person is guilty of kidnapping "if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation" in order to "facilitate commission of any felony or flight thereafter" or "inflict bodily injury on or to terrorize the victim or another." 18 Pa.C.S.A. § 2901(a). A person commits the offense of unlawful restraint if he "restrains another unlawfully in circumstances exposing him to risk of serious bodily injury[.]" 18 Pa.C.S.A. § 2902. In **Commonwealth v. Ackerman**, 361 A.2d 746 (Pa. Super. 1976), we stated the following:

> The Crimes Code, in 18 Pa.C.S.[A.] § 2301, defines both bodily injury ("[i]mpairment of physical condition or substantial pain") and serious bodily injury ("[b]odily injury which creates a substantial risk of death or which causes serious, permanent

> disfigurement, or protracted loss or impairment of the function of any bodily member or organ"). Thus, there can be no doubt that exposure to "serious bodily injury," as opposed to mere "bodily injury," is a distinct element of the crime of unlawful restraint. In prosecuting a case for unlawful restraint, the burden would be on the Commonwealth to prove beyond a reasonable doubt that the bodily injury to which the victim was exposed was serious bodily injury.
>
> On the other hand, to prove kidnapping, the Commonwealth need only prove that bodily injury was intended. Serious bodily injury is not an element of the crime of kidnapping. While we might agree that intent to inflict bodily injury necessarily involves an exposure of the victim to bodily injury, we are unable to agree that such an intent necessarily involves exposure of the victim to serious bodily injury.

*Id.* at 748-49. Accordingly, to the extent that James' claim is based on the lesser-included-offense argument, it must fail.

Moreover, bald, undeveloped allegations will not satisfy a petitioner's burden to both plead and prove he is entitled to relief under the Act. *See* 42 Pa.C.S.A. § 9543(a). Here, James has neither pled nor proven that trial counsel lacked a reasonable basis for not requesting an unlawful restraint instruction. Nonetheless, as the Commonwealth argues in its brief, it is apparent that trial counsel's strategy was to obtain an outright acquittal on the kidnapping charge by arguing that the evidence failed to demonstrate that James drove the victim a "substantial distance" as required by the statute. The goal of seeking complete acquittal does not constitute ineffective assistance of counsel. *Commonwealth v. Farmer*, 758 A.2d 173, 179 (Pa. Super. 2000). Accordingly, this claim is without merit.

James next asserts that prior counsel was ineffective for failing to preserve a challenge to the weight of the evidence. James claims that "the verdict was against the weight of the evidence [because] the [prosecution's] case relied solely on the testimony of the complainant[,] whose testimony was full of contradictions." Brief of Appellant, at 20-21. This claim is meritless.

> The determination of the weight of the evidence exclusively is within the province of the fact-finder, who may believe all, part, or none of the evidence. A new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. In this regard, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court. While appellate review of a weight of the evidence claim normally involves examining the trial court's exercise of discretion in its review of the fact-finder's determinations, instantly, we must test the merits of Appellant's claim without the benefit of a trial court's opinion.

*Commonwealth v. Ross*, 856 A.2d 93, 99 (Pa. Super. 2004) (citations and quotation marks omitted).

Here, a review of the trial record indicates that the victim's testimony was not, as James suggests, "full of contradictions." On the contrary, the victim's story remained consistent throughout the course of her trial testimony and did not deviate from previous statements given to the police. Moreover, her testimony was corroborated by that of eyewitness Steven Gilbert, who saw the victim and James as they each exited the victim's vehicle. Gilbert testified that he saw that the victim's pants were down and,

believing a rape had possibly occurred, he proceeded to pursue James. Police testimony and evidence submitted at trial were also consistent with the victim's statement that James' knife broke during a struggle in the victim's car. Finally, James' own confession corroborated the victim's testimony.

In light of the foregoing, we conclude that the verdict was not against the weight of the evidence. Accordingly, neither trial nor appellate counsel were ineffective for failing to preserve this meritless claim. *Rega*, *supra*.

Finally, James claims that prior counsel were ineffective for failing to preserve a claim under Pa.R.Crim.P. 600. This claim, however, is waived, as it was not raised either in James' *pro se* PCRA petition or in his counseled amended petition. *See Commonwealth v. Coleman*, 19 A.3d 1111 (Pa. Super. 2011) (claim waived when raised for first time in Pa.R.A.P. 1925(b) statement).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015