985 A.2d 830

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Blaine BALDWIN, Appellant.**

Supreme Court of Pennsylvania.

Argued May 12, 2009.

Decided Dec. 28, 2009.

---

Victor Edward Rauch, Ellen T. Greenlee, Karl Baker, Defender Association of Philadelphia, Philadelphia, for Blaine Baldwin.

Hugh J. Burns, Jr., Philadelphia District Attorney's Office, Philadelphia, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, GREENSPAN, JJ.

## OPINION

Justice GREENSPAN.

Appellant Blaine Baldwin appeals the Superior Court's order affirming the judgment of sentence for one count of possession of a firearm without a license and one count of carrying a firearm on the public streets of Philadelphia. We allowed this appeal to consider whether 42 Pa.C.S. § 9765 requires that Appellant's two convictions merge for sentencing purposes. We hold that a plain reading of Section 9765 reveals the General Assembly's intent that crimes with different statutory elements be punished separately. As each of the two offenses here contains distinct elements, we conclude that, under Section 9765, the consecutive sentences imposed were proper. Accordingly, we affirm.

On January 13, 2006 at approximately 1:15 a.m., Philadelphia Police Officer Charles Waters observed a car making an illegal turn without signaling. The officer pulled the car over for a traffic violation. While asking the driver for his license and registration, Officer Waters noticed Appellant moving around in the left rear seat. Officer Waters instructed Appellant to place his hands on the headrest in front of him. Although Appellant initially complied, moments later, Officer Waters noticed that the Appellant was again moving. The officer ordered Appellant out of the car, at which time Officer Waters detected a strong odor of alcohol emanating from Appellant. After Appellant repeatedly ignored instructions to place his hands on the trunk of the vehicle, Officer Waters frisked Appellant and found a gun in his front pants pocket.

Appellant was charged with two counts of violating the Uniform Firearms Act: one count of carrying a firearm without a license, 18 Pa.C.S. § 6106, and one count of carrying

a firearm on the public streets or property of Philadelphia, 18 Pa.C.S. § 6108. Appellant waived his right to a jury and, on December 19, 2006, was tried by the Honorable Leon Tucker of the Court of Common Pleas of Philadelphia County. The trial court found Appellant guilty of both charges and sentenced him to three-and-a-half (3½) to seven (7) years imprisonment for carrying a firearm without a license, and two (2) to four (4) years incarceration and one year of probation for carrying a firearm on the public streets of Philadelphia. The trial court ordered that the sentences be served consecutively.

Appellant filed an appeal, claiming that the trial court erred in imposing consecutive sentences. Appellant insisted that his convictions merged for sentencing purposes. The Superior Court affirmed the trial court's judgment of sentence in an unpublished memorandum. We granted allowance of appeal on the following issue:

> Should not this Court clarify the doctrine of sentencing merger, and its implications under constitutional double jeopardy analysis, under circumstances where the exact same set of facts satisfies the elements of two different offenses?

Appellant concedes the relevance of the applicable statute, 42 Pa.C.S. § 9765, Merger of Sentences, to our determination of his appeal. Appellant argues, however, that our prior case law should inform our application of Section 9765. Appellant relies specifically on this Court's expressions in *Commonwealth v. Jones,* 590 Pa. 356, 912 A.2d 815 (2006) (plurality) and *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20 (1994). He argues that, based on these cases, this Court should decline to interpret Section 9765 as a strict statutory elements approach to merger. He proffers instead that this Court should conclude that under Section 9765 sentences must merge where the same narrow set of facts establishes both crimes. Any other interpretation, argues Appellant, triggers constitutional concerns, specifically a violation of double jeopardy protections.

The Commonwealth, on the other hand, argues that the General Assembly's enactment of Section 9765 is an explicit implementation of a statutory elements approach to merger. According to the Commonwealth, Section 9765 clearly indicates the legislature's intent that criminal defendants' sentences do not merge unless all of the elements of one offense are included within the elements of the other offense. Appellant's sentence, insists the Commonwealth, was proper according to the plain terms of Section 9765.

For decades, articulating the contours and application of the merger doctrine has proven a complex task for courts across this country, and this Court has been no exception. However, we confront the instant case in a unique posture, that is, we are required here to apply the statute in which our legislature has set out a standard for merger of sentences. We begin with our standard of review, our well-established standard of statutory interpretation, and the statute itself.

■ Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary. *See Commonwealth v. Collins*, 564 Pa. 144, 764 A.2d 1056, 1057, 1057 n. 1 (2001). "The best evidence of legislative intent is the words used by the General Assembly." *In re Nomination Petition of Paulmier*, 594 Pa. 433, 937 A.2d 364, 372 (2007). Further, this Court must, whenever possible, give effect to all provisions of a statute, 1 Pa.C.S. § 1921(a), and unless a phrase has a technical, peculiar, or otherwise defined meaning, that phrase must be construed according to its common and approved usage. 1 Pa. C.S. § 1903(a). Of course, this Court presumes that the General Assembly does not intend absurd or unreasonable results when it enacts a statute. 1 Pa.C.S. § 1922(1).

Section 9765 provides:

§ 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statu-

tory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other.

■ Appellant's conviction under Section 6106, for carrying a firearm without a license, required the Commonwealth to establish that Appellant was either carrying a firearm in a vehicle or concealed on his person, and that he had no license to do so.[1] Appellant's conviction under Section 6108, for carrying a firearm on the public streets or public property of Philadelphia, required the Commonwealth to establish that Appellant was carrying a firearm either on the public streets or public property of Philadelphia and that he was neither licensed to do so nor exempt from the licensing requirement.[2] While each offense includes a shared element—the lack of a license to engage in the conduct complained of—each offense

---

1. 18 Pa.C.S. § 6106. Firearms not to be carried without a license:

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S. § 6106(a)(1)-(2).

2. 18 Pa.C.S. § 6108. Carrying firearms on public streets or public property in Philadelphia:

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in [Philadelphia] unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106 of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108(1)(2).

also includes an element the other does not. To violate Section 6106, a defendant must either carry a firearm in a vehicle, or carry a concealed firearm on or about his person. Section 6108 requires neither that the firearm be carried in a vehicle nor that it be concealed. Instead, to violate Section 6108, a defendant must carry a weapon on the public streets or public property of Philadelphia, a requirement not present under Section 6106. Thus, under the plain language of Section 9765, merger is prohibited in this case because each offense includes an element the other does not.

Appellant insists that this straightforward application of Section 9765 contradicts this Court's decision in *Jones, supra,* as well as our merger jurisprudence generally. Appellant argues that the constitutional principles underlying our prior case law, specifically the protection against double jeopardy, preclude the consecutive sentences imposed upon him. In *Jones,* this Court considered whether sentences for burglary and criminal trespass merge when only one act was committed and that act would satisfy the nearly identical elements of both crimes. 912 A.2d at 816. The result was an Opinion Announcing the Judgment of the Court (OAJC), which comprised the view of three Justices, along with a special concurrence by a single Justice and a dissent by two Justices.[3]

The *Jones* OAJC undertook a comprehensive review of the state of the law of merger. In doing so, the opinion discussed the interplay between this Court's jurisprudence and the potential impact of Section 9765. The crimes in Jones occurred before Section 9765 became effective, although the sentencing hearing took place after the enactment.[4] The *Jones* OAJC recognized that the Commonwealth argued that merger is a question of legislative intent and that Section 9765 controlled the outcome. Nevertheless, the OAJC did not affirmatively state that Section 9765 applied in the case. The dissenting opinion stated that the statute absolutely applied;

3. Then–Justice Nigro did not participate in the decision of the case.

4. Section 9765 was adopted on December 9, 2002 and made effective sixty days later on February 8, 2003. Jones committed his crimes in July of 2002 and was sentenced in March 2003.

and the concurring opinion stated that the statute did not apply given the timing of its enactment.[5] Although it is unclear precisely what separate effect, if any, the statute had on the resolution reached by the *Jones* OAJC, the opinion observed, in a footnote, that in passing the statute, the Legislature essentially adopted the test for merger this Court had articulated in *Anderson, supra:* "[W]hether the elements of the lesser crime are all included within the elements of the greater crimes, and the greater offense includes at least one additional element which is different, in which case the sentences merge, or whether both crimes require proof of at least one element which the other does not, in which case the sentences do not merge." *Anderson*, 650 A.2d at 24. The *Jones* OAJC further noted this Court's prior merger jurisprudence, including *Anderson*, and derived from that case authority an approach to merger that included comparing the statutory elements of the offenses while also considering both the pleadings and the proof adduced at trial. 912 A.2d at 817–18, 819 n. 5, 824. Applying this approach, the *Jones* OAJC concluded that in light of the facts charged in the pleadings and the facts established at trial, the offense of criminal trespass merged with burglary for sentencing purposes, as the former was a lesser-included offense of the latter.

Appellant insists that Section 9765 does not dictate a pure elements test for merger and that *Jones* should control the result in this case. In support of his claim, Appellant focuses

---

**5.** Then–Justice Newman authored the dissenting opinion in *Jones*. She took the position that the two offenses did not merge because: a) an element of criminal trespass (the requirement that the defendant know that he or she is not permitted to enter a building) was absent from the offense of burglary; and b) the burglary statute required that a defendant possess an intent to commit a crime upon entering a building, which was absent from the criminal trespass statute. 912 A.2d at 827. Justice Newman viewed Section 9765 as a controlling statutory requirement "which mandated that *all* of the statutory elements of one offense coincide with the statutory elements of the other offense." *Id.* at 826 (Newman, J., dissenting) (emphasis in original).

Justice Saylor agreed with Justice Newman's interpretation of Section 9765, but believed that application of the statute was not necessary. *Id.* at 825. (Saylor, J., concurring). Justice Saylor's concurrence was the only opinion in *Jones* to address squarely the question of whether the timing of the statute might affect its applicability.

primarily on a single statement in the *Jones* OAJC, namely, that "this Court's merger jurisprudence is not rendered irrelevant by Section 9765, for it is silent as to whether the facts of the case are pertinent to merger analysis ... and our jurisprudence in these cases implicates constitutional double jeopardy concerns." 912 A.2d at 819. Expanding on this statement in the *Jones* OAJC, Appellant argues that Section 9765 cannot supplant this Court's merger jurisprudence because it is grounded in the constitutional prohibition against double jeopardy. Appellant's Brief at 13.

Appellant's reliance on *Jones* and the Double Jeopardy Clause is misplaced for a number of reasons. First, *Jones* is a plurality opinion; as such it has no precedential weight in this case. *See Kelley v. State Employees' Ret. Bd.*, 593 Pa. 487, 932 A.2d 61, 67–8 (2007) (observing that a plurality decision of this Court did not constitute binding precedent). Second, the *Jones* OAJC does not affirmatively state that Section 9765 applied or that it was applying the statute in that case. Third, the *Jones* OAJC noted that the statute "is silent" on the issue of whether the facts of a case are relevant to the merger analysis. *Jones*, 912 A.2d at 819. Thus, Appellant's attempt to proffer *Jones* as a controlling and clear statement of its position in this case fails. Moreover, Appellant's constitutional argument and his reference to our jurisprudence prior to the enactment of Section 9765 simply do not support his claim for relief. In fact, they undermine it.

This Court's pre-Section 9765 jurisprudence characterized the merger doctrine as, first and foremost, a rule of statutory construction. In *Anderson*, this Court wrote:

> Generally, the doctrine of merger is a rule of statutory construction *designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction.* If the legislature were to tell us that crime A merges into crime B, the problem would not arise, for the legislative intent would be manifest. *It is in cases where*

*the legislature has not given direction that we must devise a rule.*

650 A.2d at 21 (emphasis added).

Applying *Anderson* in this case, one can say with certainty that the legislature has provided us with clear direction by its enactment of Section 9765. The statute makes the legislature's intent with respect to merger manifest. That intent focuses solely on the elements of the offenses for which a criminal defendant has been convicted.

█ Further, double jeopardy jurisprudence of the United States Supreme Court confirms the role of the merger doctrine articulated in *Anderson*. In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court first set out its test for determining when separate statutory provisions constitute the "same offense" under the Double Jeopardy Clause: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. 180. In subsequent cases, the Court clarified that, in the context of successive prosecutions, the Double Jeopardy Clause protects specific interests:

> The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

Significantly, the Court subsequently held that the *Blockburger* test applies only in the multiple punishment context as a rule of statutory construction, to be utilized only when the

legislature has not indicated whether punishment for separate offenses is cumulative. *See Whalen v. United States*, 445 U.S. 684, 691–92, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) ("The assumption underlying the [*Blockburger*] rule is that Congress ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent.*") (emphasis added). *See also Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) ("Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."); *Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) ("[T]he question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution.").

In light of the United States Supreme Court's commentary on this issue, we reject Appellant's claim that the legislature's decision to impose an elements test for merger of sentences violates double jeopardy protections. Indeed, the Court has explained: "[T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments...." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). *See also Missouri v. Hunter*, 459 U.S. at 366, 103 S.Ct. 673 ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."). This analysis reflects the

legislature's duty to criminalize each type of conduct it determines is injurious to the state.

A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other.[6] Because the offenses of which Appellant was convicted in this case each contain an element the other does not, merger would not have been proper here. As a result, the Superior Court did not err in affirming the trial court's imposition of separate sentences.

We therefore affirm the order of the Superior Court.

**6.** It is no coincidence that we decline to characterize Section 9765 in terms any broader than the statute's own language. It is, in the final analysis, an enactment of this Commonwealth's legislature that must be interpreted according to the rules of statutory construction, 1 Pa.C.S. § 1901 *et. seq.*

Labels, such as "pure elements test" and "strict elements approach," have often led to greater mischief. For example, in *Whalen, supra*, the United States Supreme Court struggled to determine whether a felony murder conviction merged with a conviction for the underlying felony where a felony murder conviction could hinge on any one of six enumerated offenses. A "strict elements approach," which does not consider the offenses as charged and proven in each particular case, invariably leads to the conclusion that the crimes do not merge. Nevertheless, a majority of the Court, relying on *Blockburger* (often used synonymously with "strict elements approach") held that the two convictions merged for sentencing. In this regard, the Court demonstrated a recognition that examination of the elements of the crimes *as charged* is sometimes necessary, especially when dealing with an offense that can be proven in alternate ways.

Therefore, while Section 9765 indeed focuses on an examination of "statutory elements," we cannot ignore the simple legislative reality that individual criminal statutes often overlap, and proscribe in the alternative several different categories of conduct under a single banner. *See, e.g.*, Aggravated Assault, 18 Pa.C.S. § 2702 (defining seven distinct violations of law); Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123 (setting forth eight separate violations). Consequently, in such cases, we caution that trial courts must take care to determine which particular "offenses," *i.e.* violations of law, are at issue in a particular case. *See, e.g., Commonwealth v. Johnson*, 874 A.2d 66, 71 n. 2 (Pa.Super.2005) (recognizing that a particular subsection of a criminal statute may merge with another crime as a lesser-included offense even though a different subsection of that same statute may not).

Justice EAKIN, Justice TODD, and Justice McCAFFERY join the opinion.

Chief Justice CASTILLE files a concurring opinion in which Justice BAER joins.

Justice SAYLOR files a concurring opinion.

Chief Justice CASTILLE, concurring.

Because the merger issue in this matter is posed exclusively under federal law, and that law is clear, I join the Majority Opinion, subject to the following observations.

Central to the holding of today's Majority Opinion is its determination that "one can say with certainty that the legislature has provided us with clear direction by its enactment of [42 Pa.C.S. § ] 9765." Majority Op. at 43, 985 A.2d at 835. Although Section 9765 may govern **this case,** I do not view the statute as determinative generally in this area, as the Majority seems to deem it, for two reasons. First, Section 9765 is a general statute that borrows a test devised by **this Court,** takes a part of that test, and then purports to instruct us to apply it categorically, no matter what the particular factual scenario or which substantive statutes may be involved in particular cases. As a matter of separation of powers, I question whether the General Assembly may instruct this Court as to how to analyze statutes to determine whether the offenses they define should merge. But, because appellant has not challenged the constitutionality of Section 9765 on these grounds, any question pertaining to this issue must await a future case.

Second, the Majority implicitly rejects appellant's argument that our pre-Section 9765 case law should inform our application of Section 9765. As I noted in my Opinion Announcing the Judgment of the Court in *Commonwealth v. Jones,* 590 Pa. 356, 912 A.2d 815, 819 n. 6 (2006), it is certainly arguable that Section 9765 "reflect[s] both the General Assembly's specific intent concerning when crimes should merge for sentencing and a codification of existing case law." As appellant notes, that existing case law was animated, at least in part, by double jeopardy concerns. *See, e.g., Commonwealth v. Comer,* 552

Pa. 527, 716 A.2d 593, 599 (1998) (holding that "[b]ecause imposing separate sentences [for homicide by vehicle and involuntary manslaughter] violates double jeopardy, the two offenses merge for sentencing purposes"). Although appellant does argue that Section 9765 codified this pre-existing double-jeopardy-concern aspect of our sentencing merger jurisprudence, he does not argue that the Double Jeopardy Clause of the Pennsylvania Constitution accords greater protection than its counterpart in the federal Constitution. In light of the clear pronouncements of the U.S. Supreme Court as to the lack of a double jeopardy concern where the legislature is deemed to have clearly spoken (see Majority Op. at 43–44, 985 A.2d at 836–37),[1] appellant's purely federal claim cannot prevail.[2]

This Court has struggled for years to articulate some cogent approach to the complexities posed to the question of sentencing merger by the principles of double jeopardy. As this Court conceded over thirty years ago, our decisions in this area had "not [been] altogether harmonious." *Commonwealth v. Sparrow,* 471 Pa. 490, 370 A.2d 712, 718 (1977); *see also* Majority Op. at 36–38, 985 A.2d at 832–33 (alluding to this Court's struggle). Unfortunately, thereafter we "only added to the disharmony by promulgating a series of conflicting and confusing decisions, which were consistent only in their ability to elicit multiple combinations of recommended dispositions, *i.e.* plurality, concurring, dissenting, part concurring and part dissenting opinions." *Commonwealth v. Burkhardt,* 526 Pa.

1. *See also Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.").

2. *See, e.g., Commonwealth v. Sam,* 597 Pa. 523, 952 A.2d 565, 585 (2008) (noting that *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991) "directs advocates to brief and analyze the following four factors when litigating a claim that state constitutional doctrine should depart from the applicable federal standard: (1) the text of the provision of the Pennsylvania Constitution; (2) the history of the provision, including the caselaw of this Commonwealth; (3) relevant caselaw from other jurisdictions; and (4) policy considerations, 'including unique issues of state and local concern, and applicability within modern Pennsylvania jurisprudence' ").

341, 586 A.2d 375, 376–77 (1991) (lead opinion) (citing fractured decisions and concluding "in the context of simultaneous convictions of multiple offenses, pursuant to guilty pleas or trial verdicts, the trial court may sentence separately for each distinct statutory crime of which the defendant is convicted, limited only by express legislative intent to the contrary") (footnote omitted). In my view, the adoption of 42 Pa.C.S. § 9765 surely did not portend the end of this Court's struggle.[3]

The General Assembly has taken it upon itself to choose the merger test that allows for the most expansive sentencing exposure without accounting for any of the refinements and nuances in our prior jurisprudence in this area. But, there is more to the jurisprudence of sentencing than such simple, procrustean dictates. Although the statute **allows for** maximum exposure for criminal sentences as a constitutional matter, there still exists substantive review of individualized sentencing decisions. Thus, I would caution both trial courts and the Superior Court, as the frontline appeals court reviewing sentences, to be cognizant of the fact that, while the statute may put a draconian end to merger claims, it does not supplant the review for reasonableness which is independently commanded by Section 9781 of the Judicial Code. *See* 42 Pa.C.S. § 9781(c)(2) (directing appellate court to vacate sentence and remand for re-sentencing even if sentence is within guidelines where application of guidelines "would be clearly unreasonable"). In my judgment, it is patently unreasonable to impose consecutive sentences in scenarios like these. *See, e.g., Jones*, 912 A.2d at 824 (concluding that sentences for burglary and criminal trespass merged because "the very same narrow facts charged proved both crimes"); *Comer*, 716 A.2d at 599 (holding that sentences for homicide by vehicle

---

3. *See, e.g., Commonwealth v. Davidson*, 595 Pa. 1, 938 A.2d 198, 217 (2007) (noting, even after adoption of Section 9765, that "[t]he purpose of the merger doctrine is double jeopardy-based"); *Jones*, 912 A.2d at 819 n. 6 ("[T]his Court's merger jurisprudence is not rendered irrelevant by Section 9765, for it is silent as to whether the facts of a case are pertinent to merger analysis, and our jurisprudence in these cases implicate[s] constitutional double jeopardy concerns.") (citation omitted).

and involuntary manslaughter merged because "[a]ppellant's act of recklessly driving his vehicle into the SEPTA bus stand supports both the general element of the 'commission of a reckless act' of involuntary manslaughter and the specific requirement of a Vehicle Code violation of homicide by vehicle"); *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20, 24 (1994) (holding that sentences for aggravated assault and attempted murder merged because "one cannot kill without inflicting serious bodily injury"). We should not lose sight, as judges, of that which common sense dictates. Just as defendants are not entitled to volume discounts for multiple crimes, neither should they suffer multiple punishments for the same core conduct—such as entering a building. That is unreasonable.

Justice BAER joins this opinion.

Justice SAYLOR, concurring.

I join the majority opinion, except for footnote 6, because I do not see mischief in labeling the *Blockburger* test a "pure" or "strict" elements one, as a number of other jurisdictions do. Conceptually, I agree with the majority that many criminal offenses may be established via alternative methods of proof, and therefore, can be said to encompass alternative elements. Consequently, when assessing the appropriateness of merger, it is sometimes necessary to determine as a threshold matter which elements are in issue. Beyond that, and where a single criminal act is involved, I believe that the legislative design embodies a pure statutory elements approach.

Parenthetically, given the prevalence of general verdicts, and the possibility of jury instructions encompassing multiple methods of proof for an offense, it may well be that trial judges (and/or this Court in its rulemaking capacity) should institutionalize avenues by which to clarify which particular method of proof was accepted by the fact finder in such cases. Barring this, this Court may be called upon to decide to whose detriment (the Commonwealth's or the defendant's) a failure

50

to obtain such clarification redounds in terms of sentencing merger.