J-S88039-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARVIN ROJAS, | : | |
| | : | |
| Appellant | : | No. 1164 EDA 2015 |

Appeal from the Judgment of Sentence February 6, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015168-2012

BEFORE: OLSON, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 16, 2017**

Garvin Rojas (Appellant) appeals from the judgment of sentence entered February 6, 2015, after he was found guilty of carrying a firearm without a license and carrying a firearm on a public street in Philadelphia. We affirm.

The trial court offered the following summary of the facts underlying this case.

> On December 6, 2012, Philadelphia Police Officers Castro and Hustler were on routine patrol, proceeding southbound on South 60th Street in a marked patrol vehicle when they observed Appellant enter an alleyway near the corner of 60th and Walton Streets. The alleyway was located next to a church, buildings which the officers were aware were often burglarized. The officers decided to conduct an investigation. They made a U-turn onto the 6000 block of Walton Street and stopped their vehicle at the Walton Street entrance to the alleyway. The alley was closed off by a chain link fence through which the officers observed Appellant in the alley.

* Retired Senior Judge assigned to the Superior Court

From their patrol car, the officers saw Appellant look in their direction and then crouch down and drop a heavy metallic object into a plastic trash can. The officers believed that the object was a firearm based on the distinct heavy sound it made, as well as its metallic appearance. As a result, the officers exited their patrol car. Officer Castro looked inside the trash can and discovered a .41 caliber Ruger Blackhawk loaded with two live rounds. The officers placed Appellant into custody and transported him to Southwest Detectives. The officers ran a gun check and determined Appellant did not have a license to carry a firearm. Further investigation revealed that the weapon had been reported stolen in New York in 1988.

Trial Court Opinion, 7/16/2015, at 2-3 (citations and unnecessary capitalization omitted).

Appellant was arrested and charged with theft, carrying a firearm without a license, and carrying a firearm on a public street in Philadelphia. On June 27, 2014, the trial court found Appellant guilty of all charges. On February 6, 2015, the trial court sentenced Appellant to six to 23 months of incarceration with immediate parole to house arrest, followed by a consecutive sentence of three years of probation.

Appellant timely filed a post-sentence motion, which was granted in part and denied in part. Specifically, the trial court granted Appellant an arrest of judgment on the theft conviction, but denied relief with respect to the other two convictions. The trial court modified Appellant's sentence accordingly. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.[1]

---

[1] On appeal, Appellant, represented by new counsel, filed a petition for remand to enable Appellant to file a supplemental Pa.R.A.P. 1925(b)

Appellant presents two questions for our review.

(1) Whether the evidence was sufficient to convict Appellant of [carrying a firearm without a license and carrying firearm on a public street] when he did not possess the gun, no physical evidence connected him to the gun, and where police did not see him in possession of a gun?

(2) Whether trial counsel provided ineffective assistance of counsel at trial by failing to file and litigate a motion to suppress the physical evidence, specifically the firearm, where Appellant was stopped by police without probable cause or reasonable suspicion in violation of the U.S. and Pennsylvania Constitutions, and where he was handcuffed and placed in a police vehicle prior to observing any handgun, where the officer had not observed any illegal activity in the area of the stop , and where the officer had not observed a handgun in Appellant's possession prior to the stop?

Appellant's Brief at 4.

We address Appellant's first argument, which challenges the sufficiency of the evidence to sustain his convictions, mindful of the following standard of review.

[O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

---

statement. This Court granted Appellant's request, and both Appellant and the trial court complied with the remand order.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotations omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007).

Our Supreme Court has clarified the elements of the offenses for which Appellant was convicted.

> Appellant's conviction under Section 6106, for carrying a firearm without a license, required the Commonwealth to establish that Appellant was either carrying a firearm in a vehicle or concealed on his person, and that he had no license to do so. Appellant's conviction under Section 6108, for carrying a firearm on the public streets or public property of Philadelphia, required the Commonwealth to establish that Appellant was carrying a firearm either on the public streets or public property of Philadelphia and that he was neither licensed to do so nor exempt from the licensing requirement.

*Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

In his argument, Appellant first contends that the evidence was insufficient to sustain his convictions because the "testimony by Officer Castro did not establish that he saw Appellant with [a] gun." Appellant's Brief at 10. This argument is belied by the record. Officer Castro testified to the following:

> I observed [Appellant], [Appellant] looked in my direction, and [Appellant] discarded a heavy metallic object into a rubber trash can that was out there.
>
> The sound made a distinct sound. It was a heavy sound, that it was hitting that rubber siding of the trash can. I believe

that [Appellant] had discarded a firearm based off that metallic observation.

I exited the patrol car, [Appellant] didn't run, we stopped him for investigation. I walked over to the trash can. Inside was … a Ruger Blackhawk .41 caliber magnum revolver. It was loaded with two live rounds.

N.T., 6/27/2014, at 11.

It is well established that "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Hughes**, 908 A.2d 924, 928 (Pa. Super. 2006). Here, Officer Castro testified that he saw and heard Appellant drop a metallic object into a trash can, which he immediately recovered, and that object was a gun. This testimony, if believed by the fact-finder, established the elements to sustain Appellant's convictions.

Appellant also argues that the trial court should have believed his testimony, rather than the testimony of Officer Castro, and that the Commonwealth did not present evidence linking Appellant to possession of the gun. **Id**. at 12. At trial, Appellant testified that he was in the alleyway "taking a leak" when Officer Castro pointed a "taser or gun" at him told him to "freeze." N.T., 6/27/2014, at 27-28. He testified that he never discarded anything into the trash can or went near it. Appellant further testified that

the gun was not his.[2]  However, "[a]n argument that the finder of fact should have credited one witness' testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence." **Commonwealth v. Gibbs**, 981 A.2d 274, 281–82 (Pa. Super. 2009).  Thus, Appellant's claim fails.

Appellant next contends that trial counsel was ineffective for failing to file a motion to suppress the gun.  He contends that Officer Castro lacked reasonable suspicion to conduct an investigatory stop, and that Appellant's arrest was unlawful.[3]

Our Supreme Court has made clear that "absent [certain] circumstances … claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Commonwealth v. Holmes**, 70 A.3d 562, 576 (Pa. 2013).  The circumstances outlined by the Supreme Court include cases "where the trial court, in the exercise of its discretion, determines that

---

[2] The trial court specifically found Appellant's testimony not credible. Trial Court Opinion, 7/16/2015, at 5 n. 1.

[3] Our review of the certified record reveals that Appellant did file a pre-trial motion to suppress on these bases.  Omnibus Motion, 7/24/2013.  A hearing was scheduled and continued several times; however, the record does not show that a hearing was ever held, that the motion was ever ruled upon, or that the motion was withdrawn.  Moreover, neither Appellant nor the Commonwealth appears to be aware of this motion.  Thus, to the extent there is an ineffective assistance of counsel claim, it appears the claim is that counsel was ineffective for failing to ensure this motion was heard and ruled upon.

a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" and where the trial court "in its discretion, and for good cause shown, [permits] post-verdict review of multiple, and indeed comprehensive, ineffectiveness claims if such review is accompanied by a waiver of PCRA rights." *Id*. at 577-78. These exceptions are not present here. In fact, the trial court specifically held that neither exception outlined in *Holmes* applies here. *See* Supplemental Opinion, 4/3/2016, at 4. Accordingly, we will not address Appellant's ineffective-assistance-of-counsel claim at this time.

Because the evidence was sufficient to sustain Appellant's convictions, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2017