J. S62036/19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SANTOS D. TORRES-OLAN, | : | No. 743 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered April 1, 2016,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0001888-2015

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED DECEMBER 31, 2019

Santos D. Torres-Olan appeals the April 1, 2016 judgment of sentence entered in the Court of Common Pleas of Erie County after a jury convicted him of two counts of terroristic threats and one count each of firearms not to be carried without a license and possession of firearm with altered manufacturer's number.[1]  The trial court sentenced appellant to an aggregate term of nine years, seven months to nineteen years, two months of incarceration.  We affirm.

Although the facts giving rise to appellant's convictions are not germane to the disposition of this appeal, we note that the convictions stemmed from an incident that occurred on April 13, 2015 when appellant pointed a gun at

---

[1] 18 Pa.C.S.A. §§ 2706(a)(3), 6106(a)(1), and 6110.2(a), respectively.

the victim's face and then discharged the firearm at her feet while she stood on a sidewalk.

The procedural history of this case is atypical. A previous panel of this court set forth the following:

> On April 14, 2015, [a]ppellant was arrested and charged with, inter alia, the aforementioned offenses. Attorney Nicole Sloane of the Erie County Office of the Public Defender was appointed as counsel to represent [a]ppellant. On September 10, 2015, Attorney Sloane filed a petition for leave to withdraw as counsel because [a]ppellant had written letters to the [trial] court requesting that he be provided with "adequate" counsel. According to Attorney Sloane, the letters from [a]ppellant made clear that he was unhappy with counsel's performance. In addition, [a]ppellant indicated that he wished to proceed pro se should Attorney Sloane be permitted to withdraw. The trial court conducted a hearing on this petition on September 28, 2015. After that hearing, the trial court granted Attorney Sloane leave to withdraw as counsel. In addition, [a]ppellant represented to the [trial] court that he intended to waive his right to counsel and proceed pro se. Thus, the trial court conducted a colloquy to ensure [a]ppellant's waiver of counsel was knowing, intelligent, and voluntary, and [a]ppellant was permitted to proceed pro se.
>
> Appellant then requested standby counsel pursuant to Pa.R.Crim.P. 121(D). That motion was granted, and on October 19, 2015, Attorney Garrett Taylor was appointed. Appellant filed numerous pre-trial motions, all of which were denied.
>
> A jury trial was held on February 12 and 16, 2016, where [a]ppellant represented himself and Attorney Taylor participated as standby counsel. On February 16, 2016, [a]ppellant was found guilty of the aforementioned charges. On April 1, 2016, [a]ppellant was sentenced to an aggregate term of

nine years, seven months to nineteen years, two months of incarceration. Appellant filed a post-sentence motion, which was denied without a hearing. Appellant timely filed a notice of appeal, which was docketed on April 18, 2016 [at No. 812 WDA 2016].

On April 19, 2016, the trial court directed [a]ppellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925 within 21 days. On April 22, 2016, [a]ppellant filed a "request for application for representation by public defender office to assist [him] in filing an appeal." On April 27, 2016, [a]ppellant sent a letter to the trial court, which included, inter alia, a request for "an extension" of time of thirty days to file his concise statement.

The trial court did not act on either letter sent by [a]ppellant. On May 27, 2016, the trial court authored an opinion stating that [a]ppellant has waived all issues on appeal for his failure to file a concise statement.[Footnote 1]

> [Footnote 1] The trial court acknowledged that it did not act on [a]ppellant's request for an extension of time to file his concise statement. However, the trial court suggests that because [a]ppellant never filed a late statement, "Appellant has failed to timely comply with the [trial court's] order" and all issues are waived on this basis.

Commonwealth v. Torres-Olan, 161 A.3d 372 (Pa.Super. 2017) (unpublished memorandum at *1-3) (record citations omitted; some brackets in original). The previous panel of this court remanded the case to the trial court and relinquished jurisdiction because the record before it was silent as to whether appellant's waiver of his right to trial counsel also included a waiver

of his right to direct appeal counsel and because the trial court never ruled on appellant's request for direct appeal counsel. Id. at *4.

On April 11, 2018, appellant filed a pro se application for relief at No. 812 WDA 2016, alleging that the trial court held the remand hearing on March 17, 2017 and appointed Attorney Taylor as direct appeal counsel, but that Attorney Taylor did not file a direct appeal. On May 8, 2018, this court entered an order wherein it reassumed jurisdiction over appellant's appeal previously docketed at No. 812 WDA 2016 due to a breakdown of operations. The order also directed Attorney Taylor to file a Pa.R.A.P. 1925(b) statement and directed the trial court to then file a Rule 1925(a) opinion.

On July 25, 2018, this court entered an order directing Attorney Taylor to file a brief on appellant's behalf on or before September 4, 2018. On July 27, 2018, Attorney Taylor filed a petition to withdraw as counsel. In that petition, Attorney Taylor alleged that the trial court relieved him of his duties as court-appointed direct appeal counsel and that the trial court appointed William Hathaway, Esq., as direct appeal counsel. Attorney Taylor requested that this court permit him to withdraw and substitute Attorney Hathaway as appellate counsel. This court denied Attorney Taylor's request without prejudice to seek withdrawal in the event that substitute counsel entered an appearance. On August 20, 2018, Attorney Hathaway filed a praecipe for appearance with this court. On October 5, 2018, this court entered an order that dismissed appellant's appeal at No. 812 WDA 2016 due to counsel's

failure to file a brief on appellant's behalf. On December 17, 2018, appellant filed a pro se application for relief in which he sought reinstatement of his appellate rights. By order entered January 3, 2019, this court denied appellant's application, but noted that appellant may seek reinstatement of his appellate rights with the trial court.

By letter dated March 19, 2019, the Honorable Daniel J. Brabender, Jr., informed this court that the trial court had recently retired and that Judge Brabender had been reassigned for the preparation of a Rule 1925(a) opinion. By order entered April 16, 2019, Judge Brabender reinstated appellant's direct appeal rights nunc pro tunc and reappointed Attorney Hathaway as direct appeal counsel. Attorney Hathaway filed a timely notice of appeal on appellant's behalf. The trial court ordered appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. This appeal is now ripe for our review.

Appellant raises the following issues:[2]

> [1.] Whether the [trial c]ourt committed an abuse of discretion in allowing the presentation by the Commonwealth of evidence relating to the 911 call thereby violating the confrontation clause?
>
> [2.] Whether there was sufficient evidence to sustain the guilty verdicts because no physical evidence was offered including the fingerprints or DNA of [appellant] linking him to the firearm at issue?

---

[2] We have reordered appellant's issues for ease of disposition.

[3.] Whether the sentencing guidelines were compromised in that an offense gravity score of 5 was employed wherein the offense gravity score should have been a 2 or at worst a 3?

[4.] Whether all criminal counts should have merged for purposes of sentencing?

Appellant's brief at 2.

Appellant first complains that the trial court abused its discretion by admitting a recording of the victim's 911 call into evidence. The record, however, reflects that appellant did not file a motion to suppress this evidence. The record further reflects that when the Commonwealth moved to admit the 911 call into evidence, the trial court asked appellant if he had any objections, and appellant answered "no." (Notes of testimony, 2/12/16 at 45.) Therefore, appellant waives this issue on appeal for failure to raise it with the trial court. See Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Appellant next complains that the evidence was insufficient to sustain his convictions on the firearms violations because "no physical evidence was offered including the fingerprints or DNA of [appellant] linking him to the firearm at issue" and the "remaining circumstantial evidence was unconvincing." (Appellant's brief at 6.) Appellant's argument on this issue totals six sentences and fails to cite to or discuss applicable law or to link the facts of this case to any applicable law. (Appellant's brief at 6.) Appellant waives this issue for failure to develop a legal argument. See

Commonwealth v. Freeman, 128 A.3d 1231, 1249 (Pa.Super. 2015) (reiterating that "[t]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119").

We finally note that a reading of appellant's six-sentence argument on this issue reveals that his challenge goes to the weight of the evidence and not its sufficiency. Again, appellant contends that his convictions cannot stand because the Commonwealth failed to present forensic evidence linking him to the firearm and because the circumstantial evidence linking him to the firearm was "unconvincing." (Appellant's brief at 6.) The Commonwealth is not required to present forensic evidence and may prove every element of a crime beyond a reasonable doubt by wholly circumstantial evidence. Commonwealth v. Hewitt, 189 A.3d 1004, 1009 (Pa.Super. 2018). Moreover, appellant's claim that the circumstantial evidence linking him to the firearm was "unconvincing" is directed to witness credibility and, therefore, challenges the weight, and not the sufficiency, of the evidence. See Commonwealth v. Kinney, 157 A.3d 968, 972 (Pa.Super. 2017) (restating that claims directed to witness credibility constitute weight challenges). The record reflects that appellant failed to raise a weight of the evidence claim with the trial court in either an oral or written motion for a new trial pursuant to Pa.R.Crim.P. 607. Therefore, appellant waives any challenge to the weight of the evidence on appeal. Id. (reiterating that weight challenges not raised with trial court are waived).

Appellant next complains that the probation officer who prepared appellant's pre-sentence investigation report "abused their discretion" when generating "two guidelines for each count, predicated on loaded and unloaded, and deferred to the [trial] court as to which set to apply" because the evidence was insufficient to show that the firearm was loaded. (Appellant's brief at 5.) Our scope of review does not include an inquiry into the probation officer's calculation of the sentencing guidelines based upon two different scenarios for the trial court's consideration. We nevertheless note that with respect to the trial court's application of the sentencing guidelines to appellant's firearms convictions at sentencing, the trial court stated:

> [t]here was really no factual issue in this case as to whether the gun was loaded or not, but for purposes of sentencing, there'[ve] been no separate jury findings that the guns were loaded. So as to [the firearms convictions], I'll apply the guidelines that involve the unloaded ammunition, which is a break for you, [appellant].

Notes of testimony, 4/1/16 at 11.

Appellant's final argument consists of three sentences in which appellant baldly asserts that all of his convictions should have merged for sentencing purposes because they "all arose from a single discrete course of conduct involving the same victim." (Appellant's brief at 5.) Appellant waives this issue for failure to develop a legal argument. See Freeman, 128 A.3d at 1249. Notwithstanding waiver, we note that our supreme court held that "courts of this Commonwealth [are precluded] from merging sentences for

two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other." Commonwealth v. Baldwin, 985 A.2d 830, 837 (Pa. 2009). Here, the trial court merged appellant's two convictions for terroristic threats for sentencing purposes. (Notes of testimony, 4/1/16 at 12.) The firearms convictions did not merge because even though the offenses were based on a single criminal act, the statutory elements of one are not included in the statutory elements of the other.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2019

---

[3] One commits terroristic threats under Section 2706(a)(3) when the person communicates, directly or indirectly, a threat that causes terror or serious public inconvenience with reckless disregard of the risk of causing terror or inconvenience. 18 Pa.C.S.A. § 2706(a)(3); see also Commonwealth v. Walker, 836 A.2d 999, 1001 (Pa.Super. 2003). In order to convict a defendant for carrying a firearm without a license under Section 6106(a)(1), the Commonwealth must prove that the weapon was a firearm; that the firearm was unlicensed; and that where the firearm was concealed on or about the person, it was outside his home or place of business. 18 Pa.C.S.A. § 6106(a)(1); see also Hewitt, 189 A.3d 1004, 1009 (Pa.Super. 2018). In order to convict a defendant for possession of a firearm with altered manufacturer's number, the Commonwealth must prove that the weapon was a firearm and that the manufacturer's number was altered, changed, removed, or obliterated. Pa.C.S.A. § 6110.2(a).