J-S02034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN ADAM BERTOLETTE | : | |
| | : | |
| Appellant | : | No. 1116 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 7, 2019
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000466-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN ADAM BERTOLETTE | : | |
| | : | |
| Appellant | : | No. 1117 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 7, 2019
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000467-2018

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:          **FILED: MARCH 10, 2023**

Appellant, John Adam Bertolette, appeals from the March 7, 2019 judgment of sentence entered in the Huntingdon County Court of Common Pleas following his guilty plea to one count each of Escape and Burglary.[1]

---

[1] 18 Pa.C.S. §§ 5121(a) and 3502(a)(1)(ii).

Appellant challenges the imposition of consecutive sentences. After careful review, we affirm.

On July 23, 2018, the Commonwealth charged Appellant at two separate docket numbers with the above crimes after he escaped from his job as a maintenance worker off the grounds of SCI Huntington where he was an inmate. Appellant subsequently entered an occupied home in the vicinity through an unlocked door, took the homeowner's car keys from her purse, and stole her Ford Explorer from the garage.[2] Police apprehended Appellant a short time later, still driving the Ford Explorer.

On December 20, 2018, Appellant entered an open guilty plea to the charges. On March 7, 2019, the trial court imposed a term of 3 to 7 years' incarceration for the Escape conviction and a consecutive term of 6 to 20 years' incarceration for the Burglary conviction.[3] Appellant did not file a post-sentence motion or a timely direct appeal from his judgment of sentence.

On May 2, 2022, Appellant filed an application to file a post-sentence motion *nunc pro tunc*, which the trial court granted. In the motion, Appellant requested a reduction in the length of his sentences.

_____

[2] The Commonwealth charged Appellant with Escape at Docket No. 466-2018 and with Burglary at Docket No. 467-2018. On September 20, 2022, this Court consolidated Appellant's appeals from his judgments of sentence *sua sponte*.

[3] These sentences were imposed consecutively to the 10- to 20-year sentence he was already serving when he escaped from custody.

On May 23, 2022, the trial court held a hearing on Appellant's post-sentence motion at which Appellant argued that the trial court abused its discretion in ordering Appellant's sentences to run consecutively. In particular, he argued that the sentences merged pursuant to the "merger doctrine" because they stemmed from the same act and/or course of conduct. The trial court denied Appellant's post-sentence motion that same day. Appellant did not timely appeal from his judgment of sentence.

On July 26, 2022, the trial court permitted Appellant to file a notice of appeal *nunc pro tunc*. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> The [t]rial [c]ourt imposed an excessive sentence upon [] Appellant in error, as the two consecutive sentences should have run concurrently and/or merged per the "merger doctrine" as the crimes stemmed from a single criminal act.

Appellant's Brief at 4 (emphasis omitted).

Appellant asserts that his Escape and Burglary sentences should have merged for sentencing purposes. Appellant's Brief at 7-9. In particular, he argues that merger is appropriate because the crimes arose from a single criminal act or event. *Id.* at 9. Appellant erroneously poses this as a challenge to the discretionary aspects of his sentence when, in fact, it is a challenge to the legality of his sentence. *See Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009) (explaining that "[w]hether Appellant's convictions merge for sentencing is a question implicating the legality of

- 3 -

Appellant's sentence"). Accordingly, our standard of review is *de novo* and our scope of review is plenary. ***Id.***

Section 9765 of the Sentencing Code provides, in relevant part, that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; **and** 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Baldwin***, 985 A.2d at 833 (emphasis added).

To determine whether Appellant's claim has merit, we consider the elements of the crimes to which Appellant pleaded guilty—Escape and Burglary.

A person commits the offense of Escape if he "unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 Pa.C.S. § 5121(a).

A person commits Burglary if, with the intent to commit a crime, he enters a building or occupied structure in which, at the time of his entry, any person is present. 18 Pa.C.S. § 3502(a)(1)(ii).

It is evident that the offenses of Escape and Burglary have no overlapping statutory elements. Accordingly, these offenses do not merge for sentencing purposes. Appellant's claim, thus, fails.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2023