J-S27025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW A. NEEDHAM | : | |
| | : | |
| Appellant | : | No. 3010 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 24, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000642-2022

BEFORE: LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 18, 2024**

Appellant Andrew A. Needham appeals from the judgment of sentence imposed following his convictions for involuntary manslaughter, aggravated assault by vehicle, recklessly endangering another person (REAP), driving under the influence (DUI) of a controlled substance, and the summary offenses of driving at safe speed and reckless driving.[1] Appellant argues that his sentences for involuntary manslaughter and aggravated assault by vehicle should have merged for sentencing purposes. We affirm.

The relevant facts and procedural history of this matter are well known to the parties. *See* Trial Ct. Op., 2/9/24, at 1-3; *see also* Criminal Complaint,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2504(a), 75 Pa.C.S. § 3732.1(a), 18 Pa.C.S. § 2705, and 75 Pa.C.S. § 3802(d)(1)(i), 75 Pa.C.S. § 3361, and 75 Pa.C.S. § 3736, respectively.

11/10/21, at 11-14. Briefly, the record reflects that at approximately 9:00 P.M. on October 7, 2015, Appellant was operating a pickup truck, and that his fiancée, Athena Ford (Victim), was a passenger in the vehicle. **See** Criminal Complaint, 11/10/21, at 11. Appellant lost control of the truck and struck a utility pole. **See id.** at 12. Appellant admitted to police that he had smoked marijuana earlier in the day. **See id.** Victim was seriously injured, and she ultimately died as a result of her injuries. **See id.** at 13-14.

The Commonwealth charged Appellant with multiple crimes and motor vehicle violations. **See id.** at 1-10. Following a jury trial, Appellant was found guilty of involuntary manslaughter, aggravated assault by vehicle, REAP, and DUI.[2] The trial court originally sentenced Appellant on October 18, 2023, but entered an amended sentencing order on October 24, 2023.[3] In the amended

_____

[2] Appellant was also convicted of the summary offenses of driving at safe speed, reckless driving, disregarding traffic signals, duties at a stop sign, and careless driving. **See** N.T., 10/18/23, at 67-68.

[3] Neither party addresses the amended sentencing order. However, the record reflects that at the original sentencing hearing on October 18, 2023, the trial court errantly stated that the summary offenses of driving at safe speed, reckless driving, and disregarding traffic signals were reached following a jury trial, and the trial court proceeded to sentence Appellant for driving at safe speed, reckless driving, disregarding traffic signals, duties at stop signs, and careless driving. **See** N.T., 10/18/23, at 67-68. In the amended sentencing order, consistent with the record, the trial court correctly states that Appellant was convicted of the summary offenses at a bench trial rather than a jury trial. **See** Am. Sentencing Order, 10/24/23, at 3-4 (unpaginated). Further, in the amended sentencing order, the trial court imposed sentences for only two summary offenses: it imposed a fine of $25.00 and costs for driving at safe speed; and it imposed a fine of $200.00 and costs for reckless driving. **See id.**

sentencing order, the trial court sentenced Appellant to a term of sixteen to thirty-two months' incarceration for involuntary manslaughter, a consecutive term of fourteen to forty-eight months' incarceration for aggravated assault by vehicle, and a consecutive term of three days to six months' incarceration for DUI. **See** Am. Sentencing Order, 10/24/23, at 1-3 (unpaginated).[4]

Appellant filed a timely notice of appeal.[5] Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Did the court err as a matter of law when deciding [involuntary manslaughter] and [aggravated assault by vehicle] did not merge for the purposes of sentenc[ing]?

Appellant's Brief at 4 (formatting altered).

Appellant argues that involuntary manslaughter and aggravated assault by vehicle should have merged for purposes of sentencing because the

---

[4] The trial court initially imposed a sentence of one to twelve months of incarceration for REAP. **See** N.T., Sentencing, 10/18/23, at 64. However, the parties agreed that REAP merged with voluntary manslaughter for purposes of sentencing, and the sentence for REAP was withdrawn. **See id.** at 65-66; Am. Sentencing Order, 10/24/23, at 2 (unpaginated); **see also** Commonwealth's Sentencing Mem., 10/18/23, at 4 (unpaginated).

[5] As noted, the trial court sentenced Appellant on October 18, 2023, and it subsequently entered an amended sentencing order on October 24, 2023. Appellant filed his notice of appeal on November 21, 2023. Although Appellant purports to appeal from the October 18, 2023 judgment of sentence, the appeal properly lies from the amended judgment of sentence entered on October 24, 2023. **See**, **e.g.**, **Commonwealth v. Garzone**, 993 A.2d 1245, 1254 (Pa. Super. 2010). Here, Appellant's appeal was filed within thirty days from the date of the amended sentencing order. Therefore, Appellant's appeal is timely. **See id.**; **see also** Pa.R.A.P., Rule 903(a). We have corrected the caption accordingly.

criminal charges arose from the same criminal act and share common elements. *See* Appellant's Brief at 9. Appellant contends that the elements of aggravated assault by vehicle are contained within the elements of involuntary manslaughter. *See id.* at 9-10.

The Commonwealth responds that the crimes do not merge. *See* Commonwealth's Brief at 3-4. The Commonwealth asserts that because aggravated assault by vehicle and involuntary manslaughter each contain an element that the other does not, the offenses do not merge. *See id.* at 4.

Questions concerning whether convictions should merge for sentencing purposes implicate the legality of sentence, which presents "a question of law, and as such, our scope of review is plenary and our standard of review is *de novo*." *Commonwealth v. Faison*, 297 A.3d 810, 833 (Pa. Super. 2023) (citation omitted).

Section 9765 of the Sentencing Code states:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and **all of the statutory elements of one offense are included in the statutory elements of the other offense**. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765 (emphasis added). Further, our Supreme Court has explained that Section 9765 "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory

elements of the other." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009).

> To determine whether offenses are greater and lesser-included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. If both crimes require proof of at least one element that the other does not, then the sentences do not merge.

***Commonwealth v. Watson***, 228 A.3d 928, 941 (Pa. Super. 2020) (citations omitted).

Here, on this record, it is undisputed that Appellant's convictions for involuntary manslaughter and aggravated assault by vehicle arose from a single criminal act: Appellant recklessly operated a vehicle while intoxicated and struck a utility pole causing the Victim's injuries, which ultimately caused her death. ***See*** Commonwealth's Brief at 3; Appellant's Brief at 9; ***see also*** Criminal Complaint, 11/10/21, at 11-14. Therefore, we must determine whether all of the statutory elements of aggravated assault by vehicle are included in the statutory elements of involuntary manslaughter. ***See*** ***Baldwin***, 985 A.2d at 833; 42 Pa.C.S. § 9765.

Aggravated assault by vehicle and involuntary manslaughter are defined as follows:

**Aggravated assault by vehicle**

**(a) Offense.--**Any person who recklessly or with gross negligence causes serious bodily injury to another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle

- 5 -

or to the regulation of traffic, except section 3802 (relating to driving under influence of alcohol or controlled substance), is guilty of aggravated assault by vehicle, a felony of the third degree when the violation is the cause of the injury.

75 Pa.C.S. § 3732.1(a).

**Involuntary manslaughter**

**(a) General rule.--**A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person.

18 Pa.C.S. § 2504(a).

Instantly, following our review, we conclude that both involuntary manslaughter and aggravated assault by vehicle require an element that the other does not. *See* 42 Pa.C.S. § 9765; *Watson*, 228 A.3d at 941. Specifically, involuntary manslaughter requires proof that the defendant caused a person's death, which is not an element of aggravated assault by vehicle. *Compare* 18 Pa.C.S. § 2504(a) *with* 75 Pa.C.S. § 3732.1(a). Likewise, aggravated assault by vehicle requires proof that the defendant committed the underlying assault "while engaged in the violation of any law of this Commonwealth or municipal ordinance **applying to the operation or use of a vehicle** or to the regulation of traffic," which is not an element of involuntary manslaughter. *Compare* 75 Pa.C.S. § 3732.1 *with* 18 Pa.C.S. § 2504(a). Accordingly, based on precedential legal authority it is axiomatic that the elements test, required by Section 9765, clearly establishes that involuntary manslaughter and aggravated assault by vehicle do not merge for

sentencing purposes.  **See Watson**, 228 A.3d at 941;  **Baldwin**, 985 A.2d at 833.  For these reasons, we conclude that Appellant is not entitled to relief, and we affirm the judgment of sentence.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2024