J-S61034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
             :          PENNSYLVANIA
             :
         v.           :
             :
             :
TYREE CALVIN HARGROVES,      :
             :
        Appellant      :    No. 685 EDA 2018

Appeal from the Judgment of Sentence November 20, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000315-2017

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.            **FILED FEBRUARY 19, 2019**

Appellant, Tyree Calvin Hargroves, appeals from the judgement of sentence entered in the Monroe County Court of Common Pleas. He argues the court erred in denying his motion to suppress evidence obtained from a cell phone; in finding the evidence sufficient to convict him of attempted possession with intent to deliver ("PWID") heroin, attempted PWID cocaine, criminal conspiracy, attempted PWID, and criminal use of a communication facility; in finding the weight of the evidence supported his verdicts; and in imposing consecutive sentences. We affirm.

The record supports the following factual summary provided by the trial court.

> In December 2016, a bench warrant was issued for the Defendant, Tyree Hargroves, for failure to appear at a proceeding before the Monroe County Court of Common Pleas. Officers with the Pocono Mountain Regional Police Department ("PMRPD"), who were

familiar with the Defendant, went to the area near 9157 Brandywine Drive in Coolbaugh Township, which was known to be the residence for the Defendant's girlfriend. While conducting surveillance, Detective/Corporal Lucas Bray observed the Defendant on the porch of the residence shoveling snow and in the driveway clearing snow from a running vehicle. Detective/Corporal Bray continued surveillance while he awaited assistance from another officer. Before the arrival of additional officers, the Defendant left the residence in the vehicle. Detective/Corporal Bray followed the Defendant and observed him stop the vehicle in front of a residence at 2415 Winding Way in Coolbaugh Township. At that location, Detective/Corporal Bray observed a male, later identified as Joseph Nemeth, walk to the driver's side of the Defendant's vehicle, at which time a hand to hand transaction occurred between Nemeth and the Defendant and Nemeth then returned to his residence. As the Defendant drove away, additional officers finally arrived and a traffic stop was initiated on the Defendant's vehicle a short distance from the Nemeth residence to detain the Defendant on a bench warrant.

At the time of the traffic stop, the Defendant was on a video phone call with his girlfriend. The cell phone that the Defendant was using for that call was seized and later searched pursuant to a search warrant. In addition to the cell phone, the Defendant was in possession of three (3) $100 bills folded together outside his wallet and an additional $117. Officers also observed rubber bands inside the vehicle consistent with those used to bundle heroin. Utilizing his K-9 partner, Niko, PMRPD Corporal Matt Nero conducted a K-9 sniff of the Defendant's vehicle. K-9 Niko alerted to the driver's side of the vehicle for the scent of drugs. No drugs were ultimately found in the vehicle; rather, only the rubber bands were found in and around the driver's side of the vehicle.

When Detective/Corporal Bray confronted the Defendant about the hand to hand transaction he observed on Winding Way, the Defendant admitted to Detective/Corporal Bray that the $300 came from Nemeth, but alleged it was a loan and denied it was for the sale of drugs. When Detective/Corporal Bray and Corporal Nero questioned Nemeth regarding the hand to hand transaction, Nemeth and his girlfriend admitted the Defendant was their drug dealer and they arranged for him to take the $300 to purchase heroin and cocaine. Detective/Corporal Bray reviewed Nemeth's cellular phone and observed communications consistent with Nemeth's statements. The subject communications happened within a short time before the hand to hand exchange was

observed. Following the execution of a search warrant on the Defendant's phone, Detective/Corporal Bray located the same communications Nemeth admitted to and contained on Nemeth's phone.

This evidence was submitted at trial through the testimony of Nemeth, Monroe County District Attorney's Office Detective Brian Webbe, Corporal Nero and Detective/Corporal Bray, as well as through Nemeth and the Defendant's cell phones. Following deliberations, the jury found the Defendant guilty of two (2) counts of Criminal Attempt-Possession With Intent to Deliver ("PWID"), 35 P.S. § 780-113(a)(30), (being for one (1) count cocaine and one (1) count heroin), Criminal Conspiracy to Commit PWID, 18 Pa. C.S. § 903, and Criminal Use of Communication Facility, 18 Pa. C.S. § 7512. On November 20, 2017, this Honorable Court sentenced the Defendant [to] a total aggregate sentence of incarceration in a state correctional institution of not less than forty-eight (48) months nor more than ninety-six (96) months.

Trial Court Opinion, dated 1/30/18, at 2-4.

Hargroves filed timely post-sentence motions, which the court denied. He then filed this timely appeal. We will address Hargroves' sufficiency challenges to his conviction, issues number four and five, first.

Issues four and five are both challenges to the sufficiency of the evidence at trial to support the jury's verdict. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly

- 3 -

circumstantial evidence." ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Id***. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. ***See id***. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." ***Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Thus, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Bruce***, 916 A.2d at 661 (citation omitted).

In issue four, Hargroves challenges the sufficiency of the evidence supporting his conviction for attempted PWID – heroin, attempted PWID – cocaine, and criminal conspiracy for attempted PWID. He specifically contends there was not a purchase of drugs, there was not a significant step taken to purchase, and there was no sale of drugs. ***See*** Appellant's Brief, at 28. Furthermore, Hargroves asserts that even if he was going to purchase drugs, it would only have constituted joint ownership of drugs rather than a sale of drugs. ***See id***.

Hargroves's arguments are beside the point. Nemeth testified that he made an agreement with Hargroves whereby Nemeth would pay Hargroves and Hargroves would purchase drugs for Nemeth and Nemeth's girlfriend. ***See***

N.T., 10/5/17, at 42-44. In addition, Detective Bray testified that he witnessed a hand-to-hand transaction, or exchange of money for drugs, between Nemeth and Hargroves, and Hargroves drive away, seemingly in order to procure the drugs for Nemeth and Nemeth's girlfriend. ***See id.*** at 118-119. The jury was entitled to credit the testimony of both witnesses, and infer that Hargroves arranged for the attempted possession of both heroin and cocaine with the intent to sell it to Nemeth. Thus, Hargroves' issue number four merits no relief on appeal.

In his fifth numbered issue, Hargroves challenges the sufficiency of the evidence supporting his conviction for criminal use of a communication facility. The offense of criminal use of a communication facility is defined as follows.

> A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S.A. § 7512 (footnote omitted). Thus, to support a conviction under section 7512, the Commonwealth must establish beyond a reasonable doubt that

> (1) Appellant[] knowingly and intentionally used a communication facility; (2) Appellant[] knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred … Facilitation has been defined as "any use of a communication facility that makes easier the commission of the underlying felony."

***Commonwealth v. Moss***, 852 A.2d 374, 382 (Pa. Super. 2004) (internal citations omitted).

Hargroves argues the Commonwealth failed to establish that an underlying felony occurred, and thus, the Commonwealth could not prove the third ***Moss*** element. ***See*** Appellant's Brief, at 30. We have already concluded that the Commonwealth presented sufficient evidence to convict Hargroves of attempted PWID of heroin and cocaine. The court in ***Moss*** clearly states "[t]he express language of § 7512(a) prohibits use of a communications facility to facilitate the *attempted* commission of an underlying felony." ***Moss,*** at 382.

The record reflects that the use of cell phones facilitated Hargroves' attempt at possessing illegal drugs with the intent to deliver them to Nemeth. ***See*** N.T., 10/5/17, at 41-42, 132. The Commonwealth provided text records establishing Hargroves and Nemeth had communicated. ***See id.***, at 41-42, 132, 171. This evidence, along with the testimony of Nemeth and Detective Bray, was certainly sufficient to support the convictions. If, as the jury was entitled to do, the jury believed the witness testimony, that was enough to establish that Nemeth communicated to Hargroves his desire to purchase heroin and cocaine by text message, and that Hargroves replied by informing Nemeth where to meet to consummate the payment for the transaction. Hargroves' fifth issue on appeal merits no relief.

Issues three and six are both challenges to the weight of the evidence at trial to support the jury's verdict.

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (internal citations omitted).

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (internal quotes and citations omitted).

In his third numbered issue, Hargroves contends that the verdict in this case "shocks the conscience" since he was convicted of Attempted PWID when he did not possess any drugs. *See* Appellant's Brief, at 23. Hargroves' argument is unfounded as actual possession is not required for a charge of attempt. Hargroves' guilt hinged on the jury's determination of witness credibility, including Nemeth and Detective Bray, and its interpretation of Hargroves' text messages. The trial court did not find the witness testimony so unreliable as to shock its conscience. We find no abuse of discretion in the court's assessment of the weight of the evidence at trial. We cannot agree

with Hargroves that the verdict "completely shocks the conscience." Thus, we conclude that Hargroves' third issue merits no relief.

In his sixth numbered issue, Hargroves contends that the trial court abused its discretion when the court did not grant his motion to set aside the verdict on Count 4, criminal use of a telecommunications facility, asserting that the verdict was against the weight of the evidence. As we previously addressed, the evidence at trial was clearly sufficient to show that Hargroves used his cell phone to send text messages to facilitate the attempted sale of drugs, thereby using the phone to commit a felony. It is clear that the trial court did not find the evidence so unreliable as to shock its conscience. Thus, we find no abuse of discretion in the trial court's denial of Hargroves' challenge to the weight of the evidence on Count 4. Hargroves' sixth issue merits no relief.

Although issues one and two are labeled as distinct abuse of discretion challenges, we find the arguments made are simply challenges to the sufficiency and weight of the evidence presented at trial. As we have already addressed these issues above, we find it unnecessary to respond to these issues separately and similarly find them to be without merit.

In his seventh numbered issue, Hargroves asserts that the trial court erred in denying his pretrial motion to suppress. Specifically, Hargroves argues the Commonwealth did not show that he sent the relevant messages.

He contends the messages were not authenticated, and are thus inadmissible and must be suppressed.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

**Commonwealth v. Eichinger**, 915 A.2d 1122, 1134 (Pa. 2007) (citations omitted).

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." **Commonwealth v. Elmobdy**, 823 A.2d 180, 183 (Pa. Super. 2003) (citation omitted).

Hargroves challenges the authentication of the text messages. Under the rules of evidence, text messages may be authenticated at trial by: "(1) testimony from either the author or the sender; (2) circumstantial evidence, including distinctive characteristics like information specifying the author-sender or reference to or correspondence with relevant events preceding or following the message; or (3) any other facts or aspects of the message that signify it to be what its proponent claims." **Commonwealth v. Murray**, 174 A.3d 1147, 1156-57 (Pa. Super. 2017) (citations and internal quotation marks

omitted); *see also* Pa.R.E. 901. The court in *Murray* found that the Commonwealth had sufficiently authenticated text messages recovered from defendant's cell phone because the cell phone was in defendant's possession when he was taken into custody. *Id.* Additionally, the content of the messages, indicating the sender's expectation that he might be getting locked up that day and alluding to an item taken from the "bully," was consistent with the defendant's description to his parole agent of the incident in which he acquired the gun in question. *Id.*

Here, Hargroves's cell phone was taken from him at the time of his arrest. *See* N.T., Suppression Hearing, 5/15/17, at 10. Hargroves was currently using the cell phone at the time of his arrest to call his girlfriend. *See* **id**., at 9-10. Further, Nemeth's cell phone and corresponding text messages was seized and provided both sides of the conversation between Nemeth and Hargroves. *See* **id**., at 12-13. Both sides of the conversation corroborated the chronology of events witnessed by Detective Bray, specifically Hargroves arriving at Nemeth's home for the cash transfer, and Nemeth coming outside to deliver the cash to Hargroves. *See* **id**., at 14. The record supports the trial court's reasoning to authenticate the text messages under *Murray*. Thus, the trial court did not abuse its discretion in rejecting the motion to suppress. Hargroves' seventh issue on appeal merits no relief.

Finally, Hargroves contends the trial court abused its discretion in imposing consecutive sentences[1]. Hargroves argues that the charges were the result of the same action, and thus should not carry consecutive sentences.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

---

[1] Hargroves's argument on this issue is not clear. His statement of the issue claims the court abused its discretion in imposing consecutive sentences. However, he opens his argument with a claim that the consecutive sentences should have merged. Merger is claim that implicates the legality of the sentence, not the discretionary aspects of the sentence. **See Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009). Even if we were to treat Hargroves's argument as an argument for merger, he is due no relief. "A merger is prohibited unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." **Id.** Count 1 is specifically for PWID of heroin, while Count 2 is specifically for PWID of cocaine. **See** Criminal Information Charges, filed 3/22/17. Thus, we find that Counts 1 and 2 do not merge for sentencing purposes as they are distinct criminal acts. And Count 4 would not merge as it required the use of a telecommunications facility, an element which is not required under the PWID offenses.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

"If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." ***Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa. Super. 2012) (citation omitted). Hargroves failed to include the required Pa.R.A.P. 2119(f) statement with his brief. ***See*** Appellant's Brief, at 20. And the Commonwealth has objected to this failure. ***See*** Appellee's Brief, at 20. Thus, we are constrained to find this issue waived.

As we conclude that none of Hargroves' issues on appeal merit relief, we affirm the judgement of sentence.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/19