J-S03042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN ROBERT SAUERS, | : | |
| | : | |
| Appellant | : | No. 2238 EDA 2018 |

Appeal from the PCRA Order Entered June 25, 2018
in the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0002645-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 28, 2019**

Nathan Robert Sauers ("Sauers") appeals from the denial of his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Upon careful review, we affirm.

By way of background, on November 18, 2013, following the issuance of a search warrant, a forensic examination of Sauers's computer revealed 9 images and 81 videos of child pornography.  As a result, Sauers was charged at two separate dockets for the possession and dissemination of child pornography.  One case, docketed at CP-45-CR-0000380-2014 ("No. 380-2014"), involved 87 counts, in the aggregate, of possession of child

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

pornography and dissemination of child pornography.[2]  The other case, docketed at CP-45-CR-0002645-2013 ("No. 2645-2013"), involved 10 counts each of possession and dissemination of child pornography, and 1 count of criminal use of a communication facility.[3]  The cases were consolidated for trial.

After a jury acquitted Sauers of all counts at No. 380-2014, but convicted him of all counts at No. 2645-2013, the trial court sentenced Sauers to five to ten years in prison for his convictions under No. 2645-2013, and designated Sauers as a Tier III sexual offender with lifetime reporting requirements under the Sexual Offender Registration and Notification Act ("SORNA").[4]

On direct appeal, this Court affirmed the convictions in all respects, but vacated, in part, the judgment of sentence, and remanded for re-sentencing based on the Pennsylvania Supreme Court's holding in *Commonwealth v. Lutz-Morrison*, 143 A.3d 891 (Pa. 2016).[5]  Our Supreme Court denied Sauers allowance of appeal on September 19, 2017.  *See Commonwealth v. Sauers*, 159 A.3d 1 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1057 (Pa.

---

[2] *See* 18 Pa.C.S.A. § 6312(c), (d).

[3] *See* 18 Pa.C.S.A. § 7512(a).

[4] 42 Pa.C.S.A. §§ 9799.10-9799.41.

[5] *Lutz-Morrison* held that lifetime registration under SORNA was inappropriate for first-time offenders, like Sauers.

- 2 -

2017). Consequently, the sentencing court re-classified Sauers as a Tier II sexual offender, with a reduced registration period of 25 years. During that timeframe, Sauers filed a *pro se* PCRA Petition, which was amended by appointed PCRA counsel on March 2, 2018 and May 15, 2018. The PCRA court afforded Sauers a hearing on his Petition, but ultimately denied relief on June 25, 2018.[6] This timely appeal followed.

Sauers now raises the following issues for our review:

I.     Did the [PCRA] court abuse its discretion by requiring [Sauers] to notify state police of the hearing where [Sauers] averred the state police did not have standing as a party?

II.    Did the [sentencing] court abuse its discretion at sentencing by not merging the counts for sentencing purposes?

III.   Did the [PCRA] court abuse its discretion by not finding trial counsel ineffective because they did not raise the [ARES file-sharing software] claim properly in order to preserve the issue for appeal?

IV.    Did the [PCRA] court abuse its discretion by not finding trial counsel ineffective because they did not review the alleged child pornography in order to be able to stipulate to the contents of the pictures?

V.     Did the [PCRA] court abuse its discretion by not finding SORNA punitive and a violation of [Sauers's] [c]onstitutional rights under the Pennsylvania and [f]ederal constitutions[,] where mandatory reporting compliance with SORNA's requirements are an affirmative restraint upon [Sauers] and such restraint is punitive?

_____

[6] The PCRA court, upon Motion of the Commonwealth, postponed the hearing at least once to afford the Pennsylvania State Police the opportunity to be present at the hearing. Notwithstanding, the State Police were absent from the hearing.

Brief for Appellant at 4.

In reviewing an order denying a PCRA petition, this Court's standard of review is limited to "whether the [PCRA] court's legal conclusions are correct and whether its factual findings are clearly erroneous." *Commonwealth v. Edwards*, 177 A.3d 963, 971 (Pa. Super. 2018).

Sauers first claims that the PCRA court abused its discretion in requiring that, by reason of his sexual offender status, he notify the Pennsylvania State Police of his PCRA hearing. Brief for Appellant at 7-8.

Despite being notified, the State Police did not attend the hearing, thereby rendering this issue void of the requisite "case or controversy" required in an appeal. *See Commonwealth v. Nava*, 966 A.2d 630, 632 (Pa. Super. 2009) (stating that a case is "moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy."). Because the State Police failed to appear, the PCRA court's directive did not have any effect on the proceedings and did not result in any harm to Sauers that could be remedied by this Court. We therefore decline to address the merits of this claim and conclude that the issue is moot.

In his second claim, Sauers contends that the sentencing court erred in failing to merge his various counts for sentencing. Brief for Appellant at 9-10. Specifically, Sauers avers that certain of his sentences for possession of child pornography should merge with his sentences for dissemination of child pornography based upon the supposition that they arose from the same criminal act. *Id.* at 9. In so doing, Sauers contends that possession of child

pornography is a lesser-included offense of dissemination, "in that all the facts to convict for [dissemination] are present in [possession]." *Id.* at 10. Additionally, Sauers argues that his sentence for criminal use of a communication facility should merge with, or run concurrent with, his sentence for dissemination, "in that the communication facility is the device used to [disseminate]." *Id.* Despite failing to characterize this as a challenge to the effectiveness of his trial counsel in his Pa.R.A.P. 1925(b) Concise Statement, and despite failing to undertake any analysis of effectiveness,[7] Sauers fleetingly declares that his trial counsel was ineffective for failing to argue the foregoing points. *Id.* at 9.

"Whether [an] [a]ppellant's convictions merge for sentencing is a question implicating the legality of [an] [a]ppellant's sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary." ***Comonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009).

Our legislature has explicitly provided the following mandate regarding merger of sentences:

> No crimes shall merge for sentencing purposes *unless* the crimes arise from a single criminal act and *all* of the statutory elements of one offense are included in the statutory elements of the other

---

[7] ***See Commonwealth v. Spotz***, 18 A.3d 244 (Pa. 2011) (providing a three-prong test for effectiveness of counsel). "When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014) (internal citation and quotation marks omitted). For this reason, we will not address this aspect of Sauers's claim.

offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (emphasis added).

Our Supreme Court has held that "a plain reading of Section 9765 reveals the General Assembly's intent that crimes with different statutory elements be punished separately." **Baldwin**, 985 A.2d at 831. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) *all* of the statutory elements of one of the offenses are included in the statutory elements of the other." *Id.* (emphasis added).

Sauers was convicted under 18 Pa.C.S.A. § 6312, which pertains to the sexual abuse of children, and identifies the elements of each crime as follows:

> (c) **Dissemination of photographs, videotapes, computer depictions and films.** -- Any person who knowingly *sells, distributes, delivers, disseminates, transfers, displays or exhibits to others*, or who possesses *for the purpose of* sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.
>
> (d) **Child pornography.** -- Any person who *intentionally views* or knowingly possesses *or controls* any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312(c), (d) (emphasis added).

Examination of the implicated subsections reveals several elements that are distinct to each crime. Dissemination of child pornography requires, *inter*

*alia*, the act of selling, distributing, delivering, disseminating, transferring, displaying or exhibiting the pornography to others. Alternatively, possession may establish dissemination, but it, too, must be possession for the specific purpose of dissemination or the like. Conversely, simple possession of child pornography does not require an act of dissemination, nor does it require possession for a particular purpose. Rather, simple possession may be established without resort to actual possession, through either the control or viewing of child pornography, neither of which are elements of dissemination. Because each crime contains at least one element that the other does not, such that the second prong of Section 9765 (requiring that *all* elements be shared) cannot be met, we conclude that the Legislature intended each crime to be punished separately. **See Baldwin**, 985 A.2d at 837; **see also** 42 Pa.C.S.A. § 9765.

Additionally, Sauers claims that his sentence for criminal use of a communications facility should merge with his sentence for dissemination of child pornography. Brief for Appellant at 10. Section 7512 of the governing statute provides, in pertinent part, as follows:

> A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony….

18 Pa.C.S.A. § 7512(a). A comparison of Section 7512(a) with subsections (c) and (d) of Section 6312, **supra**, evinces no overlap or sharing of any elements of the crimes, much less all of the elements, as required by Section

9765. Because merger of Sauers's sentences would have been improper, he is not entitled to relief on this claim.

In his third and fourth claims, which we address simultaneously due to their relatedness, Sauers argues that trial counsel was ineffective for 1) failing to preserve for appeal an "issue regarding the [Ares] software"; and 2) failing to stipulate as to the contents of the child pornography, which was entered into evidence. Brief for Appellant at 11-12.

To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011). "A PCRA petitioner must address each of these prongs on appeal." *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018). "When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (internal citation and quotation marks omitted).

We preliminarily note that Sauers's argument for each claim of ineffective assistance amounts to three perfunctory sentences. *See* Brief for Appellant at 11-12. Sauers's argument is not cohesive and is hardly

comprehensible, as it provides no context and begins to weave in Sixth Amendment concerns, as well as a mischaracterization of this Court's prior decision, at random. *Id.* at 11; *see also id.* (stating that, in finding an issue waived, "[t]he Superior Court therefore was calling trial counsel ineffective"). At no point does Sauers address any prong of the effectiveness test. As *Fears*, *supra*, makes clear, it is not the role of this Court to generate Sauers's arguments for him.[8]

In his fifth and final claim, Sauers contends that the sexual offender registration portion of his sentence is illegal, based on our Supreme Court's ruling in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). Brief for Appellant at 13-18.[9] Sauers's argument focuses more on his personal grievances with SORNA than on the constitutionality of its application to his particular situation. *See* Brief for Appellant at 16-17 (stating that "Section [4] … is the most onerous" and "[having to] constantly update[] [the police is] a way to harass and punish" and "[h]ow can Pennsylvania tell someone they are required to register in another jurisdiction without knowing if they are in fact required to register there?"]). Sauers concludes his argument by

---

[8] Additionally, we note that Sauers's ARES software challenge implicating the Sixth Amendment is poorly disguised as a novel issue distinct from that previously raised – and ruled as being without merit – in his direct appeal. See Sauers, 159 A.3d at 5, 9-10, fn. 6. Previously litigated claims are not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(3).

[9] We note that pages 17-18 of Sauers's Brief are duplicative.

saying that the "excessiveness [of SORNA's reporting requirements] should be extended to anyone on SORNA, not just those prior to December 2012." *Id.* at 18.

As can be gleaned from Sauers's final statement, which seems to suggest that SORNA *should* be applied in this case, Sauers's argument on this issue is disjointed and confusing. In spite of this, we will attempt to address that portion of Sauers's claim which is decipherable.

The Court in *Muniz* held that SORNA's registration requirements are punitive in nature, and that retroactive application of SORNA's registration provisions violated the *ex post facto* clause of the Pennsylvania and federal constitutions. *Muniz*, 164 A.3d at 1193. Sauers avers that the rationale of *Muniz* – *i.e.*, that the registration requirements of SORNA are more punitive than they are protective – supports his position that applying SORNA to his case is unconstitutional. Brief for Appellant at 13-18.

*Muniz* dealt with retroactive application of SORNA, whereas the instant application is *not* retroactive. Based on SORNA's application not being retroactive in this case, in conjunction with the fact that Sauers's convictions fall squarely within the ambit of SORNA, Sauers is not entitled to relief on this claim.

Accordingly, as none of Sauers's issues entitle him to relief, we affirm the Order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/19